COURTYARD LOUNGE, Appellant,

v.

BUREAU OF ENVIRONMENTAL HEALTH, Ohio Department of Health, Appellee.

[Cite as *Courtyard Lounge v. Bur. of Environmental Health,* 190 Ohio App.3d 25, 2010-Ohio-4442.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 10AP–182.

Decided Sept. 21, 2010.

Cicero Law Office, L.L.C., Lori R. Withers, and Anthony R. Cicero, for appellant.

Richard Cordray, Attorney General, and Angela M. Sullivan, Assistant Attorney General, for appellee.

_____

FRENCH, Judge.

{¶ 1} Appellant, Courtyard Lounge ("Courtyard"), appeals the Franklin County Court of Common Pleas' dismissal of its administrative appeal for lack of subject-matter jurisdiction, upon the motion of appellee, the Ohio Department of Health ("ODH"). Based on the General Assembly's recent, retrospective amendment to R.C. 119.12, effective September 13, 2010, we reverse.

{¶ 2} On October 13, 2009, Courtyard filed notices of appeal with ODH and the Franklin County Court of Common Pleas in an effort to appeal the decision of the Dayton–Montgomery County Board of Health, affirming Courtyard's citation for violating provisions of the Smoke–Free Workplace Act, namely R.C. 3794.02(A) and 3794.06(B). Pursuant to R.C. 3794.09(C), an appeal from a finding of a violation of the Smoke–Free Workplace Act to the Franklin County Court of Common Pleas is subject to the requirements of R.C. 119.12.

{¶ 3} ODH moved the trial court to dismiss Courtyard's appeal for lack of subject-matter jurisdiction, arguing that Courtyard had failed to comply with the jurisdictional requirements of R.C. 119.12. The trial court granted ODH's motion to dismiss on January 27, 2010, and entered a final judgment of dismissal on February 10, 2010.

{¶ 4} Courtyard filed a timely notice of appeal and, as its sole assignment of error, states as follows:

The trial court erred in granting [ODH's] motion to dismiss for lack of subject-matter jurisdiction.

{¶ 5} A motion to dismiss for lack of subject-matter jurisdiction raises questions of law, which we review de novo. *Morris v. Ohio Real Estate Appraiser Bd.*, 10th Dist. No. 06AP–669, 2006-Ohio-6743, 2006 WL 3718338, ¶ 5, citing *Heskett v. Ohio Dept. of Adm. Servs.*, 166 Ohio App.3d 311, 2006-Ohio-2074, 850 N.E.2d 760, ¶ 9; *All Children Matter v. Ohio Secy. of State*, 10th Dist. No. 09AP–322, 2010-Ohio-371, 2010 WL 383196, ¶ 7.

{¶ 6} When the right to appeal is conferred by statute, an appeal can be perfected only in the manner prescribed by statute. *Ramsdell v. Ohio Civ. Rights Comm.* (1990), 56 Ohio St.3d 24, 27, 563 N.E.2d 285. Thus, this court has required strict compliance with the filing requirements of R.C. 119.12 in order for

jurisdiction to vest in the trial court. See *Berus v. Ohio Dept. of Adm. Servs.,* 10th Dist. No. 04AP–1196, 2005-Ohio-3384, 2005 WL 1532400, ¶ 9, citing *Stultz v. Ohio Dept. of Adm. Servs.,* 10th Dist. No. 04AP–602, 2005-Ohio-200, 2005 WL 110472, and *Smith v. Ohio Dept. of Commerce* (Aug. 21, 2001), 10th Dist. No. 00AP–1342, 2001 WL 950160. Prior to September 13, 2010, R.C. 119.12 stated:

> Any party desiring to appeal shall file a notice of appeal with the agency setting forth the order appealed from and the grounds of the party's appeal. A copy of the notice of appeal shall also be filed by the appellant with the court.

The trial court based its dismissal of Courtyard's appeal on its finding that Courtyard had failed to file a *copy* of its notice of appeal with the court, as required by R.C. 119.12. Instead, the trial court determined that Courtyard had filed a signed, original notice of appeal with ODH and a different, signed, original notice of appeal with the court.

{¶ 7} In *Berus,* this court affirmed the dismissal of an administrative appeal where the trial court found that the appellant had not complied with R.C. 119.12's requirement that the appellant file an original notice of appeal with the agency and a copy of that notice with the court. Here, in reliance on *Berus,* the trial court concluded that Courtyard had not strictly complied with the filing requirements of R.C. 119.12 and that the court, consequently, lacked subject-matter jurisdiction over Courtyard's appeal. Although the court agreed with Courtyard's argument that the R.C. 119.12 requirements "exalt form over substance," it stated that it was required to follow established precedent and grant ODH's motion to dismiss.

{¶ 8} Under the law in effect when the trial court granted ODH's motion to dismiss, the court was constrained by precedent, which required it to dismiss Courtyard's appeal. Since then, however, the General Assembly, in 2010 Sub. H.B. No. 215, has amended R.C. 119.12 in several notable respects. One relevant change relates to the very filing requirements upon which the trial court relied in dismissing this appeal. Effective September 13, 2010, R.C. 119.12 now states:

> Any party desiring to appeal shall file a notice of appeal with the agency setting forth the order appealed from and stating that the agency's order is not supported by reliable, probative, and substantial evidence and is not in accordance with law. * * * The notice of appeal shall also be filed by the appellant with the court. *In filing a notice of appeal with the agency or court, the notice that is filed may be either the original notice or a copy of the original notice.* * * * The amendments made to this paragraph by Sub. H.B. 215 of the 128th general assembly are procedural, and this paragraph as amended by those amendments shall be applied retrospectively to all appeals pursuant to this

paragraph filed before the effective date of those amendments but not earlier than May 7, 2009 * * *.

(Emphasis added.)

{¶ 9} Courtyard's appeal was filed before the effective date of the recent amendment to R.C. 119.12, but after May 7, 2009. Accordingly, the amended procedural requirements apply to this appeal. By eliminating the requirement that the notice of appeal filed with the agency be an original and that the notice of appeal filed with the court be a copy, the amendment eradicated the basis for the trial court's conclusion that it lacked subject-matter jurisdiction over this appeal. Therefore, Courtyard's filing of an original notice of appeal with both ODH and the court is of no consequence with respect to the trial court's subject-matter jurisdiction. For this reason, we conclude that the trial court has subject-matter jurisdiction to consider Courtyard's appeal on the merits, and we accordingly sustain Courtyard's single assignment of error.

{¶ 10} Based on the recent amendment to R.C. 119.12, we reverse the judgment of the Franklin County Court of Common Pleas and remand this matter to that court for further proceedings.

Judgment reversed
and cause remanded.

KLATT and SADLER, JJ., concur.