[Cite as *Electronic Classroom of Tomorrow v. Ohio State Bd. of Edn.*, 2018-Ohio-716.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Electronic Classroom of Tomorrow, | : | |
| Plaintiff-Appellant, | : | |
| v. | : | No. 17AP-510 |
| | | (C.P.C. No. 17CV-5315) |
| Ohio State Board of Education, | : | |
| Defendant-Appellee. | : | (ACCELERATED CALENDAR) |

D E C I S I O N

Rendered on February 27, 2018

**On brief:** *Zeiger, Tigges & Little LLP, Marion H. Little, Jr., John W. Zeiger* and *Christopher J. Hogan*, for appellant. **Argued:** *Marion H. Little, Jr.*

**On brief:** *Isaac Wiles Burkholder & Teetor, LLC, Mark R. Weaver, Mark Landes, Brian M. Zets* and *Michael L. Close*, for appellee. **Argued:** *Mark Landes.*

APPEAL from the Franklin County Court of Common Pleas

TYACK, J.

{¶ 1} Plaintiff-appellant, Electronic Classroom of Tomorrow ("ECOT"), appeals from the July 12, 2017 decision and entry of the Franklin County Court of Common Pleas granting defendant-appellee, Ohio State Board of Education's ("BOE") motion for judgment on the pleadings and dismissing as moot ECOT's motion for a preliminary injunction and motion for expedited discovery. For the reasons that follow, we affirm the judgment of the trial court.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

{¶ 2} ECOT initiated this case on June 14, 2017 seeking to invalidate a decision made by BOE at its June 12, 2017 public meeting. ECOT alleged violations of Ohio's Open Meetings Act ("OMA"), codified at R.C. 121.22.

{¶ 3} ECOT is the largest of Ohio's community based schools, and specifically is an internet or computer based community school as defined in R.C. 3314.02(A)(7). As a public school, ECOT receives funding from the state of Ohio based on the number of full-time equivalent ("FTE") students enrolled in the school. R.C. 3314.08(C); *Elec. Classroom of Tomorrow v. Ohio Dept. of Edn.*, 10th Dist. No. 16AP-863, 2017-Ohio-5607, ¶ 3.

{¶ 4} Previously, the Ohio Department of Education ("ODE") had determined that ECOT owed the state money for FTE funding overpayments for the 2015-2016 school year. A community school that disagrees with ODE's determination on funding has a right to an appeal to the BOE or its designee. R.C. 3314.08(K)(2)(a). ECOT disputed ODE's finding and appealed the determination to a BOE designee.

{¶ 5} Under R.C. 3314.08(K)(2)(b), "[t]he board or its designee shall conduct an informal hearing on the matter within thirty days of receipt of such an appeal and shall issue a decision within fifteen days of the conclusion of the hearing." After notice to the parties, a hearing officer conducted a 10-day hearing in which ECOT introduced more than 2,000 exhibits. On May 10, 2017, the hearing officer issued a 100-plus page report recommending recovery of over $60 million owed to the state of Ohio by ECOT.

{¶ 6} Under R.C. 3314.08(K)(2)(c), "[i]f the board has enlisted a designee to conduct the hearing, the designee shall certify its decision to the board. The board may accept the decision of the designee or may reject the decision of the designee and issue its own decision on the matter." Under R.C. 3314.08(K)(2)(d), any decision made by the BOE on the appeal is final. The hearing officer's recommendation was slated for a final determination by BOE at its June 12, 2017 public meeting. Notice of the meeting had been published on the BOE website on June 8, 2017. Included in the agenda for the meeting was consideration of a resolution regarding the hearing officer's recommendation.

{¶ 7}   ECOT submitted 140 pages of objections to the hearing officer's report and recommendation.  ODE's chief legal counsel indicated, by means of a letter, that the BOE would consider ECOT's objections at its next regularly scheduled meeting in which it would take up the hearing officer's report.  BOE conducted its June 12, 2017 meeting as scheduled.  BOE went into executive session to discuss personnel cases and pending or immediate legal action.  After emerging from executive session, the chief legal counsel for ODE gave a presentation about BOE's consideration of a resolution to accept the decision of the hearing officer ("ECOT resolution").

{¶ 8}   After further presentations on unrelated topics, the discussion returned to the ECOT resolution, and BOE spent nine minutes formally deliberating the ECOT resolution.  The bulk of the discussion concerned whether the amount for recovery should be approximately $60 million or $64 million.  BOE then voted to adopt the hearing officer's recommendation to recover $60,350,791 owed by ECOT.  Public comment followed the vote.

{¶ 9}   Two days later, on June 14, 2017, ECOT filed this action seeking declaratory and injunctive relief.  The first amended complaint alleged three violations of the OMA.  On June 28, 2017, BOE filed an answer and a motion for judgment on the pleadings pursuant to Civ.R. 12(C) in which it argued that ECOT's claims under the OMA were barred for two reasons.  First, BOE argued that the pleadings demonstrated that it did comply with the requirements of the OMA.  Second, BOE argued that the hearing process afforded to ECOT was quasi-judicial in nature, and that the requirements of R.C. 121.22 do not apply to quasi-judicial proceedings.

{¶ 10} The trial court granted the motion for judgment on the pleadings after finding ECOT had failed to state a viable claim under the OMA.  The trial court concluded the procedure outlined in R.C. 3314.08(K) was quasi-judicial in nature and, therefore, its deliberations that led to the decision were quasi-judicial in nature and not within the purview of R.C. 121.22.  (July 12, 2017 Decision and Entry at 14, 15.)

## II. ASSIGNMENT OF ERROR

{¶ 11} ECOT filed a timely notice of appeal assigning the following as error:

> The Trial Court erred in granting Defendant/Appell[ee] the
> Ohio State Board of Education's (the "BOE" or "Board")

Motion for Judgment on the Pleadings. Such Motion should have been denied.

## III. STANDARD OF REVIEW

{¶ 12} A motion for judgment on the pleadings under Civ.R. 12(C) is to be granted when, after viewing the allegations and reasonable inferences therefrom in the light most favorable to the non-moving party, the moving party is entitled to judgment as a matter of law. *Kamnikar v. Fiorita*, 10th Dist. No. 16AP-736, 2017-Ohio-5605, ¶ 35; *Easter v. Complete Gen. Constr. Co.*, 10th Dist. No. 06AP-763, 2007-Ohio-1297, ¶ 8. "A motion for judgment on the pleadings is specifically intended for resolving questions of law." *Id.* at ¶ 9, citing *Friends of Ferguson v. Ohio Elections Comm.*, 117 Ohio App.3d 332, 334 (10th Dist.1997). In reviewing a motion for judgment on the pleadings, the courts are restricted to the allegations in the pleadings as well as any material incorporated by reference or attached as exhibits to the pleadings. *Curtis v. Ohio Adult Parole Auth.*, 10th Dist. No. 04AP-1214, 2006-Ohio-15, ¶ 24. Appellate review of motions for judgment on the pleadings is de novo. *Kamnikar* at ¶ 35, citing *Perrysburg Twp. v. Rossford*, 103 Ohio St.3d 79, 2004-Ohio-4362, ¶ 5.

## IV. ANALYSIS

{¶ 13} ECOT has alleged that BOE violated the OMA in three ways. In Count I of the amended complaint, ECOT claims that BOE violated the OMA by unlawfully deliberating and substantively discussing the ECOT resolution in a closed executive session or in serial communications designed to avoid the need for public discussion. (Am. Compl. at ¶ 55.) In Count II of the amended complaint, ECOT alleges that BOE violated the OMA by conducting an improper executive session to discuss the ECOT resolution because none of the statutory exceptions allowing for such a discussion apply. (Am. Compl. at ¶ 58.) And in Count III of the amended complaint, ECOT claims that BOE violated the OMA by failing to provide reasonable notice of its public meeting. (Am. Compl. at ¶ 65.)

{¶ 14} BOE has countered these arguments in two ways.  First, BOE contends that ECOT has failed to present a viable claim that BOE violated the OMA.  Second, BOE argues that it was exempt from the purview of the OMA because the actions taken by BOE at the June 12, 2017 meeting were part of a quasi-judicial proceeding leading to a quasi-judicial determination and thus outside the purview of R.C. 121.22.

{¶ 15} It is undisputed that the June 12, 2017 meeting of the BOE was a public meeting within the meaning of the OMA.  The question is whether the portion of the meeting dealing with the ECOT resolution was exempt from the requirements of the OMA.  BOE argues that a hearing officer presided over a 10-day hearing , notice of the hearing was provided to all prior to the hearing, and ECOT participated and presented over 2,000 exhibits related to the matter.  After submission of the 100-page report, BOE contends that it was engaging in a quasi-judicial function when it decided whether to adopt the hearing officer's report.

{¶ 16} In *Bd. of Trustees of the Tobacco Use Prevention & Control Found. v. Boyce*, 185 Ohio App.3d 707, 2009-Ohio-6993, ¶ 64 (10th Dist.), this court stated:

> Ohio's Open Meetings Act "is to be liberally construed to require a public body at all times to take official action and conduct deliberations upon official business in meetings open to the public. R.C. 121.22(A). Its purpose is to assure accountability of elected officials by prohibiting their secret deliberations on public issues." *State ex rel. Cincinnati Enquirer v. Hamilton Cty. Commrs.* (2002), 2002-Ohio-2038, citing *State ex rel. Cincinnati Post v. Cincinnati*, 76 Ohio St.3d 540, 544, 1996-Ohio-372, 668 N.E.2d 903. If specific procedures are followed, public officials may discuss certain sensitive information in a private executive session from which the public is excluded. R.C. 121.22(G) lists the seven matters that a public body may consider in executive session. A public body may convene in executive session only after a motion and vote that specifically identifies the permissible topic. R.C. 121.22(G); *State ex rel. Long v. Council of the Village of Cardington*, 92 Ohio St.3d 54, 59, 2001-Ohio- 130, 748 N.E.2d 58 (If a public body decides to conduct an executive session, the public body must specify in its motion those matters that it will discuss in the executive session.). The executive session may then be held "for the sole purpose of the consideration of" one of the enumerated exceptions. R.C. 121.22(G).

{¶ 17} In the *Tobacco Use* case, this court held that a public board violated the OMA because it conducted no public deliberation before taking action in an official meeting. *Id.* at ¶ 74. "Given the absence of any public discussion by the board about the specifics of the transfer resolution, it is reasonable to conclude that the board's discussion regarding the amount and potential recipients of the transferred funds occurred during the executive session." *Id.* at ¶ 73.

{¶ 18} In *State ex rel. Ross v. Crawford Cty. Bd. of Elections*, 125 Ohio St.3d 438, 2010-Ohio-2167, the relator asserted a violation of the OMA when the board of elections failed to vote in public to hold an executive session to deliberate on a matter and then failed to vote in public after the deliberations. The Supreme Court of Ohio held that Ohio's Sunshine Law applies to meetings but not to adjudications in quasi-judicial proceedings. *Id.* at ¶ 25. The court cited with approval a Sixth District Court of Appeals decision in which the court held that because a certain proceeding was quasi-judicial, the board was not required to comply with the OMA even though the board appeared to conform to the exception in R.C. 121.22(G)(3) for holding an executive session. *State ex rel. Eaton v. Erie Cty. Bd. of Elections,* 6th Dist. No. E-05-065, 2006-Ohio-966 at ¶ 66-67, fn. 3.

{¶ 19} Therefore, if the BOE proceedings related to the ECOT resolution were quasi-judicial, there can be no OMA violation.

{¶ 20} In determining whether a proceeding is quasi-judicial, the Supreme Court has indicated the most common test is whether the function under consideration involves the exercise of discretion and involves notice and the right to a hearing. *M.J. Kelley Co. v. Cleveland*, 32 Ohio St.2d 150, 153 (1972); *TBC Westlake v. Hamilton Cty. Bd. of Revision*, 81 Ohio St.3d 58, 62 (1998). The Supreme Court has further indicated that quasi-judicial proceedings require notice, hearing, and the opportunity for introduction of evidence. *Union Title Co. v. State Bd. of Edn.*, 51 Ohio St.3d 189, 191 (1990). "When there is no requirement for notice, hearing, or an opportunity to present evidence, the proceedings are not quasi-judicial." *State ex rel. Mun. Constr. Equip. Operators' Labor Council v. Cleveland*, 141 Ohio St.3d 113, 2014-Ohio-4364, ¶ 36, citing *M.J. Kelley Co.*, at paragraph two of the syllabus ("Proceedings of administrative officers and agencies are not quasi-

judicial where there is no requirement for notice, hearing and the opportunity for introduction of evidence.").

{¶ 21} ECOT argues that whether a proceeding is quasi-judicial in nature depends on what the law requires a public body to do and not what the public body actually does. ECOT cites *State ex rel. Zeigler v. Zumbar*, 129 Ohio St.3d 240, 2011-Ohio-2939, for the proposition that, if the statute does not expressly state notice, a hearing, and the opportunity to present evidence, then the proceeding is not quasi-judicial. In *Zeigler*, a board of county commissioners voted to remove a county treasurer from office. The Supreme Court first reiterated that proceedings of administrative officers and agencies are not quasi-judicial where there is no requirement for notice, hearing, and the opportunity for introduction of evidence. *Id.* at ¶ 20. The court then stated:

> The mere fact that the board of commissioners gave Zeigler limited notice of the August 23 hearing and conducted the hearing in a manner resembling a jury trial does not mean that it exercised the quasi-judicial authority required to make the removal order appealable under R.C. 2506.01. The *requirement* of conducting a quasi-judicial hearing is the key point of exercising that authority. *State ex rel. Scheerach v. Lorain Cty. Bd. of Elections*, 123 Ohio St.3d 245, 2009-Ohio-5349, ¶ 23 (fact that board of elections held a protest hearing resembling a judicial trial even though not required to do so did not constitute the exercise of quasi-judicial authority).

(Emphasis sic.) *Id.* at ¶ 21. *Zeigler* is distinguishable from the instant case in that in *Zeigler*, there was no statute that required the board of commissioners to conduct a hearing before it removed Zeigler from office, whereas here the statute expressly provides for a hearing.

{¶ 22} Here, the statute in question provides for an informal hearing before the board or its designee. R.C. 3314.08(K)(2)(b) expressly provides for a hearing, and it is undisputed that ECOT was afforded the opportunity to present evidence at the hearing. ECOT availed itself of that opportunity during a 10-day evidentiary hearing in which it introduced more than 2,000 exhibits. By issuing its final determination after providing notice, a hearing, and the opportunity to provide evidence, BOE was acting in a quasi-judicial capacity.

{¶ 23} ECOT further argues that BOE's final determination to adopt the ECOT resolution was a policy decision, not a quasi-judicial determination.

{¶ 24} Here, the statute lays out a procedure for an appeal from a determination that a community school owes money to the state. R.C. 3314.08(K) provides, in relevant part, that:

> If the review results in a finding that the community school owes moneys to the state, the following procedure shall apply:
>
> (a) Within ten business days of the receipt of the notice of findings, the community school may appeal the department's determination to the state board of education or its designee.
>
> (b) The board or its designee shall conduct an informal hearing on the matter within thirty days of receipt of such an appeal and shall issue a decision within fifteen days of the conclusion of the hearing.
>
> (c) If the board has enlisted a designee to conduct the hearing, the designee shall certify its decision to the board. The board may accept the decision of the designee or may reject the decision of the designee and issue its own decision on the matter.
>
> (d) Any decision made by the board under this division is final.

{¶ 25} As can be seen from a plain reading of the statute, BOE is not required to conduct the hearing itself, but can enlist a designee. Then BOE considers the evidence and the report and recommendation of the hearing officer, much as a trial court acts on the report and recommendation of a magistrate. BOE's determination is the final step in the procedure. As such, it is part of a quasi-judicial proceeding.

{¶ 26} Finally, ECOT argues that BOE is bound by a letter written by the chief legal counsel for the ODE in which counsel stated that the statutory provision at issue is not listed in the BOE's policies and procedures manual as one of the department's quasi-judicial determinations, is not subject to R.C. Chapter 119, and is therefore not an adjudication under R.C. Chapter 119. The chief legal counsel then stated, "Thus it is not at all clear that Board review of a decision from an 'informal hearing' under R.C. 3314.08(K) constitutes a 'quasi-judicial' determination as that term is used in those Department

reference materials." (May 19, 2017 Letter at 2, Ex. A to First Am. Compl.)  The letter goes on to state that even if a BOE review of the hearing officer's decision is a quasi-judicial determination as that term is used in those reference materials, ECOT would not have the right to appear in person at the BOE meeting to present additional evidence or testimony.

{¶ 27} This letter is not an admission as ECOT asserts.  The legal counsel presented alternative possibilities, but the question of whether the proceeding was quasi-judicial is one of law for the court.  The subject matter of the letter had to do with whether BOE's review of the hearing officer's decision was subject to R.C. Chapter 119.  The letter was not an admission that the process was not quasi-judicial but, instead, dealt with what procedures would be followed at the June 12, 2017 meeting.  Whether ECOT could appeal the BOE decision to the court of common pleas under R.C. Chapter 119 is not relevant to the issue of this case.

{¶ 28} Because we have determined that the proceeding before BOE was quasi-judicial, we need not address the BOE's remaining arguments that they fully complied with the OMA.

**V. CONCLUSION**

{¶ 29} Based on the foregoing, we overrule the assignment of error and affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

SADLER and BRUNNER JJ., concur.

_____