[Cite as *17AP-767*, 2018-Ohio-2695.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Electronic Classroom of Tomorrow, | : | |
| Appellant-Appellant, | : | No. 17AP-767 |
| v. | : | (C.P.C. No. 17CV-5773) |
| Ohio State Board of Education, et al., | : | (ACCELERATED CALENDAR) |
| Appellees-Appellees. | : | |

D E C I S I O N

Rendered on July 10, 2018

**On brief:** *Zeiger, Tigges & Little, LLP, Marion H. Little, Jr., John W. Zeiger*, and *Christopher J. Hogan*, for appellant. **Argued:** *Marion H. Little.*

**On brief:** *Organ Cole, LLP, Douglas R. Cole, Erik J. Clark*, and *Carrie M. Lymanstall*, for appellees. **Argued:** *Douglas R. Cole.*

APPEAL from the Franklin County Court of Common Pleas

BRUNNER, J.

{¶ 1} Appellant-appellant, Electronic Classroom of Tomorrow ("ECOT"), appeals a decision of the Franklin County Court of Common Pleas issued on October 6, 2017 dismissing its administrative appeal from an adverse decision of appellee-appellee, Ohio State Board of Education ("BOE"). Because we have previously held that the decision of the BOE in this case was an adjudication in a "quasi-judicial" proceeding and is therefore appealable under R.C. 119.12, we reverse and remand. *Electronic Classroom of Tomorrow v. Ohio State Bd. of Edn.*, 10th Dist. No. 17AP-510, 2018-Ohio-716, ¶ 28.

I. FACTS AND PROCEDURAL HISTORY

{¶ 2} We have previously stated the facts underlying the conflict between ECOT and the appellees, the BOE and the Ohio Department of Education ("ODE"), as follows:

ECOT, in operation since 2000, is an online or "e-school" in which students do not attend traditional, brick-and-mortar buildings, but instead attend classes through a computer by logging in to ECOT's online platform to access educational curriculum. Students enrolled in ECOT also have access to other non-computer educational opportunities, including field trips.

Pursuant to R.C. 3314.01(B), ECOT is considered a "community school," which is "a public school, independent of any school district, and is part of the state's program of education." As a public school, a community school such as ECOT receives funding from the state of Ohio based on the number of full-time equivalent ("FTE") students enrolled in the community school. R.C. 3314.08(C). The community schools self-report the number of FTE students to ODE through the education management information system ("EMIS"). [The Ohio Department of Education (ODE)] then has the right to "adjust" the payment to the community school "to reflect any enrollment of students in community schools for less than the equivalent of a full school year." R.C. 3314.08(H).

ODE performs periodic FTE reviews of community schools to investigate whether a funding adjustment is warranted in a given year. Such a review involves ODE personnel visiting the community school and identifying the records ODE would like to view in order to confirm the school's reported FTE numbers for the previous academic year. If, through the review, ODE discovers it owes additional funding to the community school, ODE has 30 days to provide the additional funding. However, if the review results in a finding that the community school cannot substantiate the number of FTE students for which it received funding, ODE can reduce the school's funding amount. The reduction, or "clawback," occurs on a going-forward basis by reducing, over an extended period of time, future state dollars paid to the community school. (Sept. 13, 2016 Tr. Vol. II at 179-80.) A community school that disagrees with ODE's initial determination on funding has a right to an administrative appeal to the State Board of Education. R.C. 3314.08(K)(2). The State Board of Education's decision on the appeal is the agency's final determination on the appropriate funding for the community school for the given academic year. R.C. 3314.08(K)(2)(d).

Electronic Classroom of Tomorrow v. Ohio Dept. of Edn., 10th Dist. No. 16AP-863, 2017-Ohio-5607, ¶ 2-4.

{¶ 3}   Apparently anticipating an adverse result from a 2016 full-time equivalent ("FTE") review, ECOT sought injunctive and declaratory relief from the Franklin County Court of Common Pleas to prohibit ODE from considering the extent to which students it reported as enrolled were actually spending time on learning opportunities and receiving required educational instruction at public expense through ECOT.  *Id.* at ¶ 8-14.  The injunctive and declaratory relief case was appealed to this Court where the decision of the trial court was affirmed.  *Id.* in passim.  The Supreme Court of Ohio has accepted jurisdiction of a further appeal from that ruling and the matter is currently pending before the Supreme Court.  *Electronic Classroom of Tomorrow v. Ohio Dept. of Edn.*, Supreme Ct. No. 2017-0913.

{¶ 4}   While the declaratory and injunctive relief case was proceeding before the trial court, on September 26, 2016, following completion of the audit of ECOT's FTE data, ODE issued a final determination letter advising ECOT that ODE's review had concluded that ECOT had misreported its FTE numbers resulting in a false report that was approximately 242.7 percent of the actual figures determined from ODE's audit of ECOT.[1] (Admin. Record A, Sept 26, 2016 Final Determination at 1.)  Expressed differently, ECOT's actual FTE numbers were just 41.2 percent of what ECOT claimed they were.  *Id.*  ECOT disputed this finding and appealed to the BOE, which designated a hearing officer to hear the appeal.  (Admin. Record B, Oct. 10, 2016 Appeal Letter; Admin. Record C, Oct. 18, 2016 Designation Letter; Admin. Record D, Oct. 26, 2016 Designation Notice.)  ODE's designee held a hearing and considered a voluminous body of evidence.  (Admin. Record QQ, May 10, 2017 Hearing Officer Decision at 4-9.)  In addition, before the hearing officer issued a decision, the Franklin County Court of Common Pleas issued its decision in the injunctive and declaratory relief case settling a number of questions of law that otherwise might have been disputed issues in the administrative appeal before the hearing officer.  *Id.* at App'x, enclosing *Electronic Classroom of Tomorrow v. Ohio Dept. of Edn.*, Franklin C.P. No. 16CV-6402 (Dec. 14, 2016).  The ODE hearing officer followed the decision of the Court of Common Pleas in writing his decision.  (Admin. Record QQ, Hearing Officer Decision at

---

[1] The final determination letter said that ECOT's actual FTE was 6,312.62 as compared to the claimed FTE of 15,321.98 reported by ECOT.  (Admin. Record A, Sept 26, 2016 Final Determination at 1.)  15,321.98 is approximately 242.7 percent of 6,312.62.

10-12.)  Ultimately, based on exhibits and evidence placed before the hearing officer and the decision of the Franklin County Court of Common Pleas (since affirmed by this Court and now under review by the Supreme Court) the hearing officer concluded that ECOT's actual FTE numbers were 44.6 percent of its reported numbers, entitling ODE to claw back $60,350,791 in overpayment. *Id.* at 133.

{¶ 5}   On May 22, 2017, ECOT raised a large number of objections to the hearing officer's report.  (Admin. Record RR, May 22, 2017 Objs.)  ODE timely responded.  (Admin. Record TT, May 31, 2017 Resp. to Objs.)  At a meeting on June 12, 2017, BOE adopted the recommendations of the hearing officer's decision and authorized ODE to take necessary measures to obtain repayment of public funds in overpayments to ECOT in the amount of $60,350,791.  (Admin. Record UU, June 15, 2017 Resolution at 1.)

{¶ 6}   Following this adverse result, ECOT took three actions.  It filed suit alleging that the BOE violated the open meetings act.  (June 14, 2017 Compl., filed in *Electronic Classroom of Tomorrow v. Ohio Dept. of Edn.*, Franklin C.P. No. 17CV-5315.)  It sought, in the case now on review, to appeal the administrative action directly to the Franklin County Court of Common Pleas pursuant to R.C. 119.12.  (June 27, 2017 Notice of Appeal.)  Finally, it petitioned the Supreme Court for a writ of mandamus or prohibition seeking to have the High Court order the BOE to take a different action.  (June 27, 2017 Compl. for Mandamus or Prohibition, filed in *State ex rel. Electronic Classroom of Tomorrow v. State Bd. of Edn.*, Supreme Ct. No. 2017-0880.)

{¶ 7}   In the open meetings case, the Franklin County Court of Common Pleas concluded that the BOE did not violate the open meetings act.  *Electronic Classroom of Tomorrow v. Ohio State Bd. of Edn.*, Franklin C.P. No. 17CV-5315 (July 12, 2017).  On appeal, this Court agreed that the BOE did not violate the open meetings act because the administrative process was "quasi-judicial."  *Electronic Classroom of Tomorrow*, 2018-Ohio-716, ¶ 28.  ECOT has sought (but not yet been granted) a further appeal from that decision.  (Apr. 19, 2018 Memo. in Support of Jurisdiction, filed in *Electronic Classroom of Tomorrow v. State Bd. of Edn.*, Supreme Ct. No. 2018-0526.)

{¶ 8}   The direct appeal before the common pleas court from the BOE administrative action was stayed while the Supreme Court considered ECOT's complaint for a writ of mandamus or prohibition.  (Aug. 31, 2017 Stay Order.)  Ultimately, the

Supreme Court dismissed ECOT's petition for a writ of mandamus or prohibition without issuing any written opinion explaining the dismissal. *State ex rel. Electronic Classroom of Tomorrow v. State Bd. of Edn.*, 150 Ohio St.3d 1426, 2017-Ohio-7567.[2]

{¶ 9} Thereafter, the common pleas court reactivated ECOT's administrative appeal and dismissed for lack of jurisdiction. (Oct. 6, 2017 Decision & Entry.) The trial court reasoned that BOE and ODE had presented several arguments as reasons the Supreme Court should dismiss (only one of which was the pendency of this case as an adequate remedy at law) but that the Supreme Court had given no indication why it dismissed the mandamus and prohibition action. *Id.* at 3-4. The common pleas court declined to read the Supreme Court's summary dismissal as an endorsement of ECOT's right to appeal the BOE administrative decision and turned to a strict construction of the statutes possibly authorizing the appeal to the common pleas court. *Id.* The court viewed R.C. 3314.08(K)(2)(d) as requiring that decisions made by the BOE are "final" in the sense that they are unappealable and supported its conclusion with legal findings that in similar circumstances, courts have found that such language is a special or specific provision that precludes the generally applicable appeal under R.C. 119.12. (Oct. 6, 2017 Decision & Entry at 2-5.)

{¶ 10} ECOT has appealed the common pleas court's ruling, seeking review of its decision dismissing its complaint.

## II. ASSIGNMENT OF ERROR

{¶ 11} ECOT presents a single assignment of error for review:

> The Trial Court erred in dismissing the R.C. Chapter 119 Appeal filed by Plaintiff/Appellant The Electronic Classroom of Tomorrow ("ECOT") based on a purported lack of subject matter jurisdiction.

## III. DISCUSSION
### A. Standard of Review

{¶ 12} This Court has previously set forth the standard of review in cases challenging the jurisdiction of a trial court to hear an administrative appeal:

> "Jurisdiction" refers to a court's "'statutory or constitutional power to adjudicate the case.'" *Pratts v. Hurley*, 102 Ohio St.3d 81, 2004 Ohio 1980, ¶ 11, 806 N.E.2d 992, quoting *Steel Co. v.*

---

[2] The exact portion of the case announcement concerning ECOT is available online at 2017 Ohio LEXIS 1751.

> *Citizens for a Better Environment*, 523 U.S. 83, 89, 118 S. Ct. 1003, 140 L. Ed. 2d 210 (1998). Courts of common pleas only have "such powers of review of proceedings of administrative officers and agencies as may be provided by law." Ohio Constitution, Article IV, Section 4; see also *Springfield Fireworks, Inc. v. Ohio Dept. of Commerce*, 10th Dist. No. 03AP-330, 2003 Ohio 6940, ¶ 17. Thus, courts of common pleas lack jurisdiction to review actions of administrative agencies unless R.C. 119.12 or some other specific statutory authority grants it. *Total Office Prods. v. Dept. of Adm. Servs.*, 10th Dist. No. 05AP-955, 2006 Ohio 3313, ¶ 12; accord *Univ. of Toledo v. Ohio State Empl. Relations Bd.*, 10th Dist. No. 11AP-834, 2012 Ohio 2364, ¶ 9, 971 N.E.2d 448 ("A court of common pleas has power to review proceedings of administrative agencies and officers only to the extent the law so grants."). Whether a court of common pleas possesses subject-matter jurisdiction is a question of law, which appellate courts review de novo. *Courtyard Lounge v. Bur. of Environmental Health*, 10th Dist. No. 10AP-182, 190 Ohio App. 3d 25, 2010 Ohio 4442, ¶ 5, 940 N.E.2d 626.

Clifton Care Ctr. v. Ohio Dept. of Job & Family Servs., 10th Dist. No. 12AP-709, 2013-Ohio-2742, ¶ 9.

### B. Whether the Trial Court Erred in Dismissing for Want of Jurisdiction

{¶ 13} Ohio Revised Code, Section 119.12(B) provides in relevant part as follows:

> (B) Any party adversely affected by any order of an agency issued pursuant to any [] adjudication [other than those excepted elsewhere in this section] may appeal to the court of common pleas of Franklin county * * *.

"Agency" is defined in pertinent part as "the functions of any * * * board * * * of the government of the state specifically made subject to sections 119.01 to 119.13 of the Revised Code." R.C. 119.01(A)(1). Ohio Revised Code, Section 3301.13 provides that "[t]he department of education shall consist of the state board of education, the superintendent of public instruction, and a staff of such professional, clerical, and other employees as may be necessary to perform the duties and to exercise the required functions of the department" and that "the department of education, and any officer or agency therein, shall be subject to Chapter 119. of the Revised Code." There is no serious dispute that, as a general matter, the BOE and ODE separately and together are deemed subject to R.C. 119.12.

{¶ 14} ECOT argues that it is entitled to appeal the decision of ODE's hearing officer in this particular case and as adopted by BOE, under R.C. 119.12, because the decision was an "adjudication" by an agency in a "quasi-judicial" proceeding. (ECOT's Brief at 13-20.) In our decision on the open meetings act as applied to ODE and BOE, we specifically stated that the action of the BOE in adopting the decision of the hearing officer was an "adjudication" and part of a "quasi-judicial" proceeding. *Electronic Classroom of Tomorrow*, 2018-Ohio-716, ¶ 20-28.

{¶ 15} That portion of the BOE and ODE administrative appeal procedural statute contains specific language concerning the review of a school's enrollment data. It also requires that "[a]ny decision made by the board under this division is final." R.C. 3314.08(K)(2)(d). This question of finality is at the heart of this appeal. The meaning and application of what is final is a legal determination for our plenary review. Does "final" mean the decision is the "final" decision of the agency and appealable only to a court under R.C. 119.12, or is "final" used in the sense that no further appeal is allowed at all, either within the agency or in a court?

{¶ 16} There are some instances in the Ohio Revised Code in which the legislature uses "final" while simultaneously contemplating a right to appeal. *See* R.C. 5709.25(G) (tax commissioner's determination on a pollution control exempt facility certificate); R.C. 3734.05(I)(6) (EPA director's determination on a Class 2 or 3 modification to a hazardous waste facility); R.C. 718.11(E) (local board of tax review decision on a tax administrator's assessment). There are also many instances in which the code uses a variant of the phrase, "final and not appealable." *See* R.C. 4117.06(A) (state employment relations board decision on the unit appropriate for collective bargaining); R.C. 3734.05(I)(6) (EPA director's determination on a Class 2 or 3 modification to a hazardous waste facility); R.C. 718.11(A)(4) (legislative authority's decision to remove a member of the local board of tax review); R.C. 4121.35(B)(5) (industrial commission hearing officers' decision on review of settlement agreements); R.C. 3311.0510(A) (school superintendent's order dividing assets and liabilities of a defunct educational service center); R.C. 109.921(C)(2) (the attorney general's decision upon an application for funding from the rape crisis program trust fund without a hearing); R.C. 3317.161(D)(5) (department of education determination on whether to approve a career-technical education program); R.C. 3702.524(C)

(determination by the director of health that a certificate of need has expired in cases where the certificate holder fails to take appropriate actions); R.C. 118.04(C) (determination by the auditor of state whether a fiscal emergency condition exists); R.C. 3316.03(E) (determination by the auditor of state whether a fiscal emergency condition exists); R.C. 3345.72(G) (determination by the chancellor of higher education on the issue of a fiscal watch); R.C. 3345.74(A) (determination by the chancellor of higher education on whether to appoint a conservator); R.C. 3345.76(A) (determination by a governance authority for a state university or college on the issue of whether sufficient fiscal stability exists to warrant terminating that governance authority). There are also statutes within which "final" is used to describe both appealable and non-appealable decisions. R.C. 3734.05(I)(6) (EPA director's determination on a Class 2 or 3 modification to a hazardous waste facility); R.C. 718.11(A)(4) and (E) (legislative authority's decision to remove a member of the local board of tax review and local board of tax review decision on a tax administrator's assessment); R.C. 4121.35(B)(4) and (5) (industrial commission hearing officers' decisions on applications for reconsideration and on review of settlement agreements). What the legislature means when it merely says, "final," in the context of determining whether there is a right to appeal from an administrative adjudication to a court of common pleas, is therefore somewhat ambiguous and subject to judicial determination in the absence of legislation to clarify it. Both this Court and the Supreme Court have addressed situations in which the legislature has merely declared an administrative action to be "final" and these courts have reached varying results.

{¶ 17} In *Heartland Jockey Club v. Ohio State Racing Comm.*, when the Ohio State Racing Commission made a determination about what was "final" in the relevant statute, we were "asked to determine how final the word 'final' [wa]s in R.C. 3769.089(E)(3)." *Heartland Jockey Club v. Ohio State Racing Comm.*, 10th Dist. No. 98AP-1465, 1999 WL 566857, 1999 Ohio App. LEXIS 3530, *2 (Aug. 3, 1999). The 1999 panel in that case reached the conclusion that the statute's unadorned use of "final" precluded an appeal under R.C. 119.12 and that mandamus was the proper action through which the plaintiff could seek a remedy. *Heartland Jockey Club* at *2-4. However, in ECOT's case, a remedy in mandamus has been rejected without explanation by the Supreme Court.

{¶ 18} In *State ex rel. Shumway v. State Teachers Retirement Bd.*, this Court determined that a trial court lacked jurisdiction to consider an appeal of a final average salary determination by the State Teachers Retirement Board because former R.C. 3307.013(E) provided that determinations of the board "shall be final." *State ex rel. Shumway v. State Teachers Retirement Bd.*, 114 Ohio App.3d 280, 286 (10th Dist.1996); *see* Am.Sub.S.B. No. 230, 146 Ohio Laws, Part VI, 10257, 10282-83[3]; R.C. 3307.501(E) (current version of former R.C. 3307.013 containing the same language). The *Shumway* panel also concluded that a declaratory judgment action cannot be substituted for an appeal in such circumstances, leaving a petition for a writ of mandamus as the proper vehicle. *Shumway* at 284, fn. 1, 286.

{¶ 19} In *Carney v. School Employees Retirement Syst. Bd.*, we held that no appeal lay from a determination by the School Employees Retirement Board because the statute in question, former R.C. 3309.39[4], provided that determinations of the board were "final" and a prior Supreme Court case included this language: " '[t]he determination of whether a member of the School Employees Retirement System is entitled to disability retirement is solely within the province of the School Employees Retirement Board pursuant to R.C. 3309.39.' " *Carney v. School Emps. Retirement Syst. Bd.*, 39 Ohio App.3d 71, 72 (10th Dist.1987), quoting *Fair v. School Emps. Retirement Syst.*, 53 Ohio St.2d 118 (1978). As in *Shumway*, the *Carney* panel stated that a declaratory judgment action cannot be substituted for an appeal. Like both *Shumway* and *Heartland Jockey Club*, the panel concluded that mandamus was the appropriate course through which to seek a remedy. *Carney* at 72.

{¶ 20} On the other hand, the Supreme Court has recently decided that an ODE determination that an entity was not "education-oriented" under R.C. 3314.015(B)(3) was appealable pursuant to R.C. 3314.015(D) and in accordance with R.C. 119.12. *Brookwood Presbyterian Church v. Ohio Dept. of Edn*, 127 Ohio St.3d 469, 2010-Ohio-5710, ¶ 1, in passim. The High Court held a right of appeal existed despite the fact that R.C. 3314.015(B)(3) contained language stating that a "determination of the state board is final."

---

[3] Archived online at 1995 Ohio SB 230.

[4] Current R.C. 3309.39 contains such language at division (F). The version of R.C. 3309.39 in effect when *Carney* was decided contained no subdivisions but still contained the phrase, "the action of the board shall be final." *See* Am.Sub.H.B. No. 502, 141 Ohio Laws, Part III, 4668, 4714-15.

In *Brookwood*, the court viewed the "final" language as requiring that, in order to be reviewable upon appeal, decisions must be "final." *Brookwood* at ¶ 11-12. The High Court then distinguished *Heartland Jockey Club*, *Shumway*, and *Carney* because, unlike in each of those cases, the relevant statute in *Brookwood*, simultaneously stated that a determination was "final," and, yet, also explicitly provided for an appeal of related matters. *Brookwood* at ¶ 14-15; R.C. 3314.015(D). That is, R.C. 3314.015(B)(3) provides that a "determination of the state board is final," when rendered on the question of whether a community school contract proposed an education-oriented mission. But a different division of that same statute also provides that "[t]he decision of the department to disapprove an entity for sponsorship of a community school or to revoke approval for such sponsorship under division (C) of this section, may be appealed by the entity in accordance with section 119.12 of the Revised Code." R.C. 3314.015(D). The specific grant of appealability in the statute, said the Supreme Court, "makes all the difference." *Brookwood* at ¶ 15.

{¶ 21} In this case, there is no stated appeal right that is specific to or set forth in R.C. 3314.08. As such, this case is not on all fours with *Brookwood*. Yet, neither is it on all fours with *Heartland Jockey Club*, *Shumway*, and *Carney*, because each of those cases opined that mandamus was the proper vehicle to challenge the action at issue and in two of those cases (*Shumway* and *Carney*) this Court opined that a declaratory judgment could not be used instead. Adding to ECOT's unique situation is that ECOT has been permitted to pursue declaratory judgment action (albeit unsuccessfully so far on the merits) but its mandamus action has been dismissed without explanation for why it was inapropos. In short, none of the cases we have cited definitively settles the matter.

{¶ 22} The ODE parties argue that it is, " '[a] well-settled principle of Ohio law [] that when two statutes, one general and one specific, cover the same subject matter, the specific provision is to be construed as an exception to the general statute that might otherwise apply.' " (Jan. 16, 2018 Appellees' Brief at 27, quoting *State ex rel. Motor Carrier Serv. v. Rankin*, 135 Ohio St.3d 395, 2013-Ohio-1505, ¶ 26.) They, therefore, argue that the specific provision in R.C. 3314.08(K)(2)(d) declaring a decision of the BOE to be "final" prevails over the general grant of an appeal provided in R.C. 119.12(B). (Appellees' Brief at

27-28.)    However,  this  argument  becomes  hollow  without  the  other  principle  of  law discussed in *Rankin* and codified in R.C. 1.51:

> "If a general provision conflicts with a special or local provision, **they shall be construed, if possible, so that effect is given to both**. If the conflict between the provisions is irreconcilable, the special or local provision prevails as an exception to the general provision, unless the general provision is the later adoption and the manifest intent is that the general provision prevail."

(Emphasis added.)  *Rankin* at ¶ 26, quoting R.C. 1.51.  In short, if possible, we must give effect to both R.C. 3314.08(K)(2)(d)'s pronouncement that decisions of the BOE are "final" and  to  R.C.  119.12(B)'s  provision  of  an  appeal  to  the  court  of  common  pleas  from adjudications of administrative agencies.

{¶ 23} One  way  to  reconcile  the  two  statutes  would  be  to  say  that  R.C. 3314.08(K)(2)(d) 's pronouncement that decisions of the BOE are "final" means they are not subject to further administrative proceedings before ODE or the BOE and must be appealed under R.C. 119.12(B).  This would give "effect" to R.C. 119.12(B) in the sense that its grant of an appeal would operate and would reconcile both R.C. 119.12(B) and R.C. 3314.08(K)(2)(d).   In  this  way,  both  statutes  would  have  coherent  non-conflicting meanings and effect would be given to both.

{¶ 24}  This case has a robust and multi-faceted procedural history.  Because of that, as our discussion shows, caselaw and statutes can provide legally persuasive reasoning for allowing this appeal or for dismissing this appeal.  ECOT has been permitted to litigate the substantive merits of its case in a declaratory judgment/injunctive relief proceeding that has been appealed to the highest court in Ohio where it currently is pending.  ECOT has also  been  permitted  to  challenge  the  manner  in  which  the  administrative  proceeding occurred (via its open meetings act litigation).  However, ECOT has not been permitted to directly dispute the findings of the administrative process and the Supreme Court has dismissed ECOT's mandamus action without explanation.  With the law in equipoise, we hold that ECOT is entitled to the opportunity to dispute not just the substantive and procedural merits of their action (which it is already doing in the declaratory/injunctive action and the open meetings act litigation) but also to appeal the particular findings and decisions of the administrative adjudication, especially as to the "claw back" of funds

already appropriated and distributed by the State of Ohio. ECOT's sole assignment of error is sustained.

## IV. CONCLUSION

{¶ 25} Accordingly, we reverse the judgment of the Franklin County Court of Common Pleas and remand ECOT's R.C. 119.12 appeal to the trial court for full consideration, utilizing a robust procedure consistent with the law stated in this decision.

*Judgment reversed; cause remanded.*

BROWN, P.J., concurs.
LUPER SCHUSTER, J., dissents.

LUPER SCHUSTER, J., dissenting.

{¶ 26} I disagree with the majority and would find the decision of the ODE to be final and not subject to an appeal filed under R.C. 119.12. Therefore, I respectfully dissent. As the majority notes, this court has previously construed the legislature's use of the word "final" in the context of decisions of administrative bodies to mean the decision is not subject to an appeal under R.C. 119.12. *Carney v. School Emp. Retirement Sys. Bd.*, 39 Ohio App.3d 71, 72 (10th Dist.1987); *State ex rel. Shumway v. State Teachers Retirement Bd.*, 114 Ohio App.3d 280, 286 (10th Dist.1996); *Heartland Jockey Club v. Ohio State Racing Comm.*, 10th Dist. No. 98AP-1465 (Aug. 3, 1999). I would find this precedent and the Supreme Court of Ohio's decision in *Brookwood Presbyterian Church v. Ohio Dept. of Edn.*, 127 Ohio St.3d 469, 2010-Ohio-5710, to be controlling.

{¶ 27} In *Brookwood*, the Supreme Court considered a statute that provided that ODE's decision as to whether an entity was education-oriented was "final." The Supreme Court noted that the same statute also expressly provided a right to appeal under R.C. 119.12. Under those circumstances, the Supreme Court concluded that the use of the word "final" in that statute did not preclude an appeal under R.C. 119.12 where further language, within the same statute, specifically contemplated an appeal. In so deciding, the Supreme Court reviewed our precedent in *Carney*, *Shumway*, and *Heartland Jockey Club* and concluded the statutes in those cases "lacked what is present in [the statute at issue in *Brookwood*]—a specific, statutory grant of jurisdiction to the trial court to review the decisions of the administrative body pursuant to R.C. 119.12. Here, that makes all the difference." *Brookwood* at ¶ 15.

{¶ 28} Unlike the statute at issue in *Brookwood*, here R.C. 3314.08(K) specifies that the decision is "final" and does not provide a specific grant of statutory jurisdiction to the trial court to review the decision of the administrative body. Thus, I would conclude that *Brookwood* directs that a statute that provides a decision of an administrative body is "final" and that does not include a separate specific, statutory grant of jurisdiction to the trial court precludes an appeal under R.C. 119.12. Accordingly, I would follow the Supreme Court's precedent in *Brookwood* and this court's precedent in *Carney*, *Shumway*, and *Heartland Jockey Club* and find the use of the word "final" in R.C. 3314.08(K) precludes an appeal under R.C. 119.12.

{¶ 29} For these reasons, I respectfully dissent.

———————————