[Cite as *Electronic Classroom of Tomorrow v. Bd. of Edn.*, 2019-Ohio-1540.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

Electronic Classroom of Tomorrow,     :

       Appellant-Appellant,        :        No. 17AP-767
                                              (C.P.C. No. 17CV-5773)

v.                                  :

                                                (ACCELERATED CALENDAR)

Ohio State Board of Education et al.,     :

       Appellees-Appellees.        :

---

# D E C I S I O N

### Rendered on April 25, 2019

---

*Zeiger, Tigges & Little, LLP, Marion H. Little, Jr., John W. Zeiger,* and *Christopher J. Hogan,* for appellant.

*Organ Cole, LLP, Douglas R. Cole, Erik J. Clark,* and *Carrie M. Lymanstall,* for appellees.

---

### ON APPLICATION FOR RECONSIDERATION

PER CURIAM.

{¶ 1} On July 20, 2018, appellees-appellees, Ohio State Board of Education ("BOE") and Ohio Department of Education ("ODE"), filed an application seeking reconsideration, pursuant to App.R. 26(A)(1), or, in the alternative, en banc consideration pursuant to App.R. 26(A)(2)(c), of this court's July 10, 2018 decision in *Electronic Classroom of Tomorrow v. Ohio State Bd. of Edn.*, 10th Dist. No. 17AP-767, 2018-Ohio-2695, which reversed the judgment of the Franklin County Court of Common Pleas. Appellant-appellant, Electronic Classroom of Tomorrow ("ECOT"), opposes BOE's and ODE's applications. For the following reasons, we grant the application for reconsideration.

## I. Background

{¶ 2} This court's opinion fully set forth the background of this case, and we will not repeat it here. After BOE issued a decision directing ECOT to repay an overpayment of public funds in excess of $60 million, ECOT sought to appeal the administrative action directly to the Franklin County Court of Common Pleas. The trial court dismissed ECOT's administrative appeal for lack of jurisdiction. On appeal to this court, the majority held the trial court erred in granting BOE's and ODE's motion to dismiss for lack of jurisdiction. More specifically, the majority concluded that the use of the word "final" in R.C. 3314.08(K)(2)(d) did not preclude ECOT from pursuing an appeal under R.C. 119.12(B).

## II. Application for Reconsideration

{¶ 3} The test generally applied to an application for reconsideration is whether the application calls to the court's attention an obvious error in its decision or raises an issue for our consideration that was either not considered at all or was not fully considered by us when it should have been. *Matthews v. Matthews*, 5 Ohio App.3d 140 (10th Dist.1981). However, an application for reconsideration "is not designed for use in instances where a party simply disagrees with the logic or conclusions of the court." *State v. Burke*, 10th Dist. No. 04AP-1234, 2006-Ohio-1026, ¶ 2, citing *State v. Owens*, 112 Ohio App.3d 334, 336 (11th Dist.1996). Furthermore, an application for reconsideration is not a means to raise new arguments or issues. *State v. Wellington*, 7th Dist. No. 14 MA 115, 2015-Ohio-2095, ¶ 9.

{¶ 4} In their application for reconsideration, BOE and ODE ask this court to reconsider its decision with regard to whether the use of the word "final" in R.C. 3314.08(K)(2)(d) precludes an appeal brought under R.C. 119.12. Upon reconsideration, we conclude this court's prior decision contains an obvious error in the analysis of R.C. 3314.08(K)(2)(d).

{¶ 5} As relevant here, R.C. 3314.08 provides that if ODE determines that a review of a community school's enrollment is necessary, it shall complete a review and provide written notice of the findings to the governing authority of the community school. R.C. 3314.08(K)(1). If the review results in a finding that the community school owes money to the state, the statute sets forth the procedure the community school may use to appeal ODE's determination to BOE. R.C. 3314.08(K)(2). Within that framework, the statute then

provides "[a]ny decision made by [BOE] under this division is final." R.C. 3314.08(K)(2)(d).

{¶ 6} This court has previously construed the legislature's use of the word "final" in the context of decisions of administrative bodies to mean the decision is not subject to an appeal under R.C. 119.12. *Carney v. School Emps. Retirement Sys. Bd.*, 39 Ohio App.3d 71, 72 (10th Dist.1987); *State ex rel. Shumway v. State Teachers Retirement Bd.*, 114 Ohio App.3d 280, 286 (10th Dist.1996); *Heartland Jockey Club v. Ohio State Racing Comm.*, 10th Dist. No. 98AP-1465 (Aug. 3, 1999). Upon reconsideration, we find this precedent and the Supreme Court of Ohio's decision in *Brookwood Presbyterian Church v. Ohio Dept. of Edn.*, 127 Ohio St.3d 469, 2010-Ohio-5710, to be controlling.

{¶ 7} In *Brookwood*, the Supreme Court considered a statute that provided that ODE's decision as to whether an entity was education-oriented was "final." The Supreme Court noted that the same statute also expressly provided a right to appeal under R.C. 119.12. Under those circumstances, the Supreme Court concluded that the use of the word "final" in that statute did not preclude an appeal under R.C. 119.12 where further language, within the same statute, specifically contemplated an appeal. In so deciding, the Supreme Court reviewed our precedent in *Carney*, *Shumway*, and *Heartland Jockey Club* and concluded the statutes in those cases "lacked what is present in [the statute at issue in *Brookwood*] — a specific, statutory grant of jurisdiction to the trial court to review the decisions of the administrative body pursuant to R.C. 119.12. Here, that makes all the difference." *Brookwood* at ¶ 15.

{¶ 8} Unlike the statute at issue in *Brookwood*, here R.C. 3314.08(K) specifies that the decision is "final" and does not provide a specific grant of statutory jurisdiction to the trial court to review the decision of the administrative body. Thus, we conclude on reconsideration that *Brookwood* directs that a statute that provides a decision of an administrative body is "final" and that does not include a separate specific, statutory grant of jurisdiction to the trial court precludes an appeal under R.C. 119.12. Accordingly, we follow the Supreme Court's precedent in *Brookwood* and this court's precedent in *Carney*, *Shumway*, and *Heartland Jockey Club* and find the use of the word "final" in R.C. 3314.08(K)(2)(d) precludes an appeal under R.C. 119.12.

{¶ 9}   Thus, because the majority's conclusion was inconsistent with this court's precedent and that of the Supreme Court of Ohio, reconsideration is warranted. Accordingly, we grant BOE's and ODE's application for reconsideration and hold that the use of the word "final" in R.C. 3314.08(K)(2)(d) precludes an appeal under R.C. 119.12. Therefore, we conclude the trial court did not err in granting BOE's and ODE's motion to dismiss for lack of jurisdiction.

## III. Disposition

{¶ 10} Based on the foregoing reasons, we find BOE and ODE have satisfied the grounds for reconsideration under App.R. 26(A)(1).   Accordingly, we grant BOE's and ODE's application for reconsideration and hold the trial court did not err in granting BOE's and ODE's motion to dismiss for lack of jurisdiction.   This court's July 10, 2018 decision and judgment entry are vacated.   Appellant's original assignment of error is overruled, and the October 6, 2017 judgment of the Franklin County Court of Common Pleas is affirmed.

*Application for reconsideration granted.*

BROWN and LUPER SCHUSTER, JJ.
BRUNNER, J., dissents.

BRUNNER, J., dissenting.

{¶ 11} Appellees, Ohio State Board of Education ("BOE") and Ohio Department of Education ("ODE"), have requested reconsideration and consideration en banc of our decision in *Electronic Classroom of Tomorrow v. Ohio State Bd. of Edn.*, 10th Dist. No. 17AP-767, 2018-Ohio-2695.  In that decision, we held that appellant Electronic Classroom of Tomorrow ("ECOT") could appeal under R.C. 119.12 a decision reached by the BOE. *Electronic Classroom of Tomorrow*, 2018-Ohio-2695, ¶ 1, citing *Electronic Classroom of Tomorrow v. Ohio State Bd. of Edn.*, 10th Dist. No. 17AP-510, 2018-Ohio-716, ¶ 28.  The BOE and ODE argue that we should reconsider our decision and also consider it en banc as being inconsistent with our decisions in three prior cases decided in 1999, 1996, and 1987, respectively.  *Heartland Jockey Club v. Ohio State Racing Comm.*, 10th Dist. No. 98AP-1465, 1999 WL 566857, 1999 Ohio App. LEXIS 3530, *2 (Aug. 3, 1999), *State ex rel. Shumway v. State Teachers Retirement Bd.*, 114 Ohio App.3d 280, 286 (10th Dist.1996), and *Carney v. School Emps. Retirement System Bd.*, 39 Ohio App.3d 71, 72 (10th

Dist.1987).   (July 20, 2018 Appellees' Application for Recons. & En Banc at 10-14.)   I respectfully dissent from the decision of the now new majority and would deny reconsideration.

## I.  RECONSIDERATION

{¶ 12}  Our standard of review of BOE's and ODE's motion to reconsider is:

> [W]hether the motion calls to the attention of the court an obvious error in its decision or raises an issue for consideration that was either not considered at all or was not fully considered by the court when it should have been.

*Matthews v. Matthews*, 5 Ohio App.3d 140 (10th Dist.1981), paragraph two of the syllabus (construing App.R. 26).  BOE and ODE acknowledge that we analyzed *Heartland Jockey*, *Shumway*, and *Carney* at length in our decision, *Electronic Classroom of Tomorrow*, 2018-Ohio-2695, ¶ 17-21.  In our decision, we in fact distinguished them.  So did the Supreme Court of Ohio in *Brookwood Presbyterian Church v. Ohio Dept. of Edn.*, 127 Ohio St.3d 469, 2010-Ohio-5710, ¶ 14-15.  ODE's and BOE's argument for reconsideration is that we made an obvious error in our analysis and should have adhered to the holdings in these three prior decisions.

{¶ 13}  ODE and BOE argue that we obviously erred when we distinguished *Heartland Jockey*, *Shumway*, and *Carney* (which concerned statutes governing the Ohio State Racing Commission, the State Teachers Retirement Board, and the School Employees Retirement System Board).  They argue that distinguishing them was erroneous insofar as we did so on the basis that each of those decisions found no R.C. 119.12 appeal from a "final" agency decision but noted that there was a remedy in mandamus.  Pointing out the notation in our decision that the Supreme Court already, but without explanation, denied mandamus relief to ECOT, ODE and BOE argue that our decision was tantamount to holding that "the ***meaning of a statute*** may ***differ*** based on an aggrieved party's litigation choices (i.e., on whether the party has pursued, and been denied, mandamus relief)." (Emphasis sic.) (Aug. 6, 2018 Appellees' Reply in Support at 2-3.)  There is no basis in the record or in the law for this conclusion, in part because the agencies involved in *Carney*, *Shumway*, and *Heartland Jockey* were three different agencies, and none of them were BOE or ODE. Also, the legislature has the power to decide via its policymaking function the interests of the various arms of the state according to their functions.  Ohio

Constitution, Article II, Section 1 ("The legislative power of the state shall be vested in a general assembly consisting of a senate and house of representatives."). We have previously stated that "policy-making" is a "balancing of social, political, economic, and privacy concerns which are legislative in nature." (Citation omitted.) *Ohio Licensed Beverage Assn. v. Ohio Dept. of Health*, 10th Dist. No. 07AP-490, 2007-Ohio-7147, ¶ 39. Thus, what may be statutorily construed to apply for one agency may not be legally fit for another.

{¶ 14} In *Brookwood*, the Supreme Court considered statutes that did involve ODE and BOE. The high court analyzed the tension between statutes governing whether appeal rights from ODE and BOE decisions existed in the context of determining whether a sponsoring organization was "education-oriented," parallel to the situation we examined in our decision. The Supreme Court stated:

> The crux of this case is the interplay between R.C. 3314.015(B)(3) and 3314.015(D). R.C. 3314.015(D) grants a right of appeal to entities disapproved for community-school sponsorship; the question is whether R.C. 3314.015(B)(3) takes it away in certain circumstances. ODE asserts that its determination that Brookwood is not education-oriented is final and therefore not subject to appeal based upon R.C. 3314.015(B)(3).

*Brookwood* at ¶ 9.

{¶ 15} The Supreme Court recognized that the question of whether Brookwood was "education-oriented" involved four criteria under the education statute, three of which were "black and white." *Id.* at ¶ 16. But the fourth criteria, whether Brookwood was "education-oriented," required a nuanced approach for which the Supreme Court held that the subjective and substantive judgment of the board was involved; for this reason appellate rights existed so Brookwood would not be consigned to "an administrative abyss." *Id.* at ¶ 16, 11. The majority at that time thus relied in part on *Brookwood* in applying this rationale to the subjective and substantive issues before ODE and BOE involving ECOT and for the purposes of establishing what the high court in *Brookwood* called "a check on that power." *Id.* at ¶ 20.

{¶ 16} Also, in *Brookwood*, the high court found that it need not analyze Brookwood's case in light of the Tenth District Court of Appeals' *Carney, Shumway*, and *Heartland Jockey* decisions, since specific R.C. 119 appeals language was present. But the

Supreme Court did not go on to conclude that such express statutory language was needed for there to exist an R.C. 119.12 right to appeal.

{¶ 17} Because the Supreme Court is a higher court than we, as a precedential matter we were not constrained to follow *Heartland Jockey*, *Shumway*, and *Carney* (even though not overruled in *Brookwood*) when our then majority distinguished them and construed what is meant by the word "final" for litigants' appeals of ODE and BOE decisions. Under the various applications of both statutory and case law, I respectfully disagree with the new majority of the same panel that our decision is not erroneous, let alone obviously so, as the standard for reconsideration requires.

{¶ 18} Thus, I dissent and would deny appellees' application for reconsideration.

————————————————