[Cite as *In re Appeal in the Cty. Ditch known as Spallinger Ditch*, 2020-Ohio-2671.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## AUGLAIZE COUNTY

IN RE:

CASE NO. 2-19-10

THE APPEAL IN THE
COUNTY DITCH KNOWN AS
SPALLINGER DITCH PETITIONED
BY SCOTT SPALLINGER AND
SHARON HELMLINGER

O P I N I O N

[ELFIE PROPERTIES, LLC - APPELLANT]

Appeal from Auglaize County Common Pleas Court
Trial Court No. 2019 CV 0079

**Judgment Affirmed**

**Date of Decision:   April 27, 2020**

APPEARANCES:

    *Taryn A. Douglas* **for Appellant**

    *Matthew T. Watson, Dennis Faller, Edwin A. Pierce* **for Appellees**

**ZIMMERMAN, J.**

{¶1} Appellant, Elfie Properties, LLC ("Elfie"), appeals the August 27, 2019 judgment of the Auglaize County Court of Common Pleas dismissing its appeal of the Auglaize County Board of Commissioners' ("Board") authorization of ditch improvements requested by petitioners, Scott Spallinger ("Spallinger") and Sharon Helmlinger ("Helmlinger") (collectively, "petitioners"). For the reasons that follow, we affirm.

{¶2} On October 18, 2018, the petitioners filed a petition under R.C. Chapter 6131 with the Board requesting that the Board authorize certain ditch improvements to property located in the Rolling Acres Estates subdivision. (Doc. No. 27, Ex. A). Elfie, which owns 19 of 38 parcels of land benefited by the petition, appeared in opposition to the petition at a June 27, 2019 public hearing before the Board.[1] (Doc. Nos. 1, 27). At the June 27, 2019 hearing, the Board passed a resolution approving the ditch petition by a voice vote. (Doc. No. 1). The Board adopted the resolution on July 2, 2019. (Doc. Nos. 1, 27).

{¶3} On July 18, 2019, Elfie appealed the Board's resolution approving the ditch petition to the Auglaize County Court of Common Pleas under R.C. 6131.25, naming the Board, the Auglaize County Engineer, the City of Wapakoneta, and the petitioners (collectively, "appellees") as appellees. (Doc. No. 1). On July 29, 2019,

---

[1] Elfie represented to the trial court that it owned either 20 or 29 parcels of land that are benefited by the ditch petition at the August 26, 2019 hearing. (Aug. 26, 2019 Tr. at 4, 42).

the Board and the Auglaize County Engineer filed a motion to dismiss, arguing that the trial court lacked subject matter jurisdiction to address the appeal.[2] (Doc. No. 18). On August 7, 2019, the petitioners filed a motion to dismiss, also arguing that the trial court lacked subject matter jurisdiction to address the appeal. (Doc. No. 24). On August 15, 2019, Elfie filed a memorandum in opposition to the appellees' motions to dismiss. (Doc. No. 27). After a hearing on August 26, 2019, the trial court on August 27, 2019 granted the appellees' motions to dismiss. (Doc. No. 30).

{¶4} On September 24, 2019, Elfie filed its notice of appeal, and raises one assignment of error for our review. (Doc. No. 34).

### Assignment of Error

**The Auglaize County Court of Common Pleas had subject matter jurisdiction over this matter because Appellant timely perfected its appeal and therefore granting Appellees Motion to Dismiss was improper, because the proper test for determining whether a court has jurisdiction to hear a matter pursuant to statutory language of R.C. § 6131.26 is whether the Appellant has substantially complied with the statutory requirements to perfect the appeal.**

{¶5} In its assignment of error, Elfie argues that the trial court erred by granting the appellees' motions to dismiss. Specifically, Elfie contends that the trial court erred by concluding that it lacked subject matter jurisdiction to address its appeal after (erroneously) concluding that Elfie must *strictly* comply with the

---

[2] On August 5, 2019, the City of Wapakoneta filed a motion concurring with the Board and the Auglaize County Engineer's motion to dismiss. (Doc. No. 22).

-3-

requirements of R.C. 6131.26 to perfect an administrative appeal of decision of a board of county commissioners regarding ditch improvements.

*Standard of Review*

{¶6} A motion to dismiss an administrative appeal for lack of subject-matter jurisdiction involves a question of law, which this court reviews de novo. *Courtyard Lounge v. Bur. of Environmental Health*, 190 Ohio App.3d 25, 2010-Ohio-4442, ¶ 5 (10th Dist.), citing *Morris v. Ohio Real Estate Appraiser Bd.*, 10th Dist. Franklin No. 06AP-669, 2006-Ohio-6743, ¶ 5, citing *Heskett v. Ohio Dept. of Adm. Servs.*, 166 Ohio App.3d 311, 2006-Ohio-2074, ¶ 9 (10th Dist.), and citing *All Children Matter v. Ohio Secy. of State*, 10th Dist. Franklin No. 09AP-322, 2010-Ohio-371, ¶ 7. *See also Cuyahoga Cty. Bd. of Commrs. v. Daroczy*, 178 Ohio App.3d 625, 2008-Ohio-5491, ¶ 4 (8th Dist.). "De novo review requires us to conduct an independent review of the record without deference to the trial court's decision." *Matrix Technologies, Inc. v. Kuss Corp.*, 6th Dist. Lucas No. L-07-1301, 2008-Ohio-1301, ¶ 11, citing *Brown v. Cty. Commrs. of Scioto Cty.*, 87 Ohio App.3d 704, 711 (4th Dist.1993).

*Analysis*

{¶7} "Subject-matter jurisdiction is the statutory or constitutional power of a court to hear and decide the merits of a particular class of cases." *Karvo Cos., Inc. v. Ohio Dept. of Trans.*, 9th Dist. Summit No. 29294, 2019-Ohio-4556, ¶ 7, citing

*Groveport Madison Loc. Schools Bd. of Edn. v. Franklin Cty. Bd. of Revision*, 137 Ohio St.3d 266, 2013-Ohio-4627, ¶ 25, citing *Pratts v. Hurley*, 102 Ohio St.3d 81, 2004-Ohio-1980, ¶ 11, and citing *Bank of Am., N.A. v. Kuchta*, 141 Ohio St.3d 75, 2014-Ohio-4275, ¶ 19. "The Ohio Constitution provides a common pleas court with the authority to review proceedings of administrative officers and agencies as set forth in the law." *Id.*, citing *Abt v. Ohio Expositions Comm.*, 110 Ohio App.3d 696, 699 (10th Dist.1996), quoting Article IV, Section 4(B), Ohio Constitution. As relevant here, R.C. Chapter 6131 governs a common pleas court's jurisdiction to review an administrative appeal of a decision by a board of county commissioners authorizing ditch improvements. *See Clevenger v. Bd. of Cty. Commrs.*, 3d Dist. Allen No. 1-94-97, 1995 WL 347993, *1 (June 9, 1995). *See also Karvo Cos., Inc.* at ¶ 7, citing *Abt* at 699.

{¶8} Under R.C. 6131.25, "[a]ny owner may appeal to the court of common pleas within twenty-one days of the date that any order was issued by the board of county commissioners" authorizing ditch improvements. When an affected owner elects to appeal an order of a board of county commissioners authorizing ditch improvements, R.C. 6131.26 requires the owner ("[t]o *perfect* an appeal" under R.C. 6131.25) to

> file an appeal bond, with surety to be approved by the clerk of the court of common pleas, to pay all costs on appeal if the decision or order appealed from is sustained on a hearing or trial thereof. The owner shall also file with the bond a statement of the decision or order

appealed from and of the claims of the owner in ordinary and concise language.

(Emphasis added.)  R.C. 6131.26.  *See Clevenger* at *1.  Further, "[t]he amount of the appeal bond shall be not less than five hundred dollars, plus the sum of two dollars for each parcel of land in excess of two hundred parcels averred in the petition to be benefited."  R.C. 6131.26.

{¶9} In this case, Elfie appealed (to the court of common pleas) the Board's resolution approving the petitioners' ditch petition under R.C. 6131.25.  Because Elfie appealed the Board's resolution under R.C. 6131.25, Elfie was required to file with the clerk of courts a bond, with surety to be approved by the clerk of courts, to pay all costs on appeal should its appeal be rejected.  Elfie deposited $500 cash (in addition to the required filing fee) along with a document, which provides:

> On this 18th day of July, 2019, Appellant filed his Statement of Appeal and deposited with the Clerk of Courts a cash bond in the amount of $500.00, pursuant to Ohio Revised Code Section 6131.26, to pay all costs of appeal if the decision or order appealed from is sustained on a hearing or trial thereof.

> The above bond is approved this 18th day of July, 2019.

> Respectfully submitted,

> JAUBERT & BURTON LLP

> By /s/ I. Jean Meckstroth
> I. Jean Meckstroth, Clerk of Courts

Prepared by:
/s/ Taryn A. Douglas

Taryn A. Douglas (0095906)

(Emphasis sic.) (Doc. No. 9). Further, Elfie did not indicate in its statement filed in support of its appeal the number of parcels subject to the ditch petition. The trial court, applying this court's decision in *Clevenger*, dismissed Elfie's appeal after concluding that it lacked subject matter jurisdiction to address Elfie's appeal.

{¶10} On appeal, Elfie does not dispute that the plain and unambiguous language of R.C. 6131.26 requires a bond, with surety to be approved by the clerk of courts, to perfect an appeal under R.C. 6131.25. Instead, Elfie urges this court to conclude that substantial compliance with R.C. 6131.26 is sufficient to perfect an appeal under R.C. 6131.25. That is, Elfie suggests that, because the Supreme Court of Ohio has adopted and applied a substantial-compliance standard applicable to statutory-bond requirements relative to bonding issues in administrative appeals, we should conclude in this case that it substantially complied with the tenor of R.C. 6131.26.

{¶11} Even if we agree with Elfie and conclude that an administrative appeal can be perfected when a party substantially complies with a statutory-bond requirement, the cash deposit submitted by Elfie in this case does not substantially comply with the statute. In general, the statutory conditions to invoke the court of common pleas' jurisdiction to hear an appeal under R.C. 6131.25 must be strictly followed. *Clevenger*, 1995 WL 347993, at *1, citing *Holmes v. Union Gospel Press*,

64 Ohio St.2d 187, 188 (1980). *See Taft v. Cuyahoga Cty. Bd. of Elections*, 110 Ohio St.3d 471, 2006-Ohio-4204, ¶ 18 (noting that, "in general, '[t]he procedure prescribed by statute to bring an election contest within the jurisdiction of a judge must be strictly followed'"), quoting *McCall v. E. Local School Dist. Bd. of Edn.*, 169 Ohio St. 50 (1950), paragraph one of the syllabus, and citing *Maschari v. Tone*, 103 Ohio St.3d 411, 2004-Ohio-5342, ¶ 10 ("Because 'election contests are special in nature, the procedure prescribed by statute, to invoke a court's jurisdiction to hear such an action, must be strictly followed'"), quoting *Hitt v. Tressler*, 4 Ohio St.3d 174, 175 (1983). However, (as Elfie suggests) the Supreme Court of Ohio has "adopted and applied a substantial-compliance standard for the statutory bond requirement" relative to other statutory-administrative appeals. *Taft* at ¶ 18, citing *McClintock v. Sweitzer*, 138 Ohio St. 324, 325 (1941) ("We hold that there was a substantial compliance with [the statutory bond requirement for election contests], and that no error prejudicial to appellee resulted"), *Williams v. O'Neill*, 142 Ohio St. 467, 475-476 (1944) (Hart, J., dissenting) (noting that substantial compliance, when no prejudice is shown, is sufficient to satisfy bond requirement of election-contest statute), and *Hitt* at 175 ("We disagree with the result reached by the *Williams v. O'Neill* majority and adopt the reasoning set forth in Judge Hart's dissent").

{¶12} Specifically, addressing the statutory-bond requirement for election contests, the Supreme Court of Ohio concluded that cash bonds are not defective. *Taft* at ¶ 19 (noting that "[t]he fact that the bond was in cash did not render it defective"), citing *Monnette v. Malone*, 60 Ohio St.2d 5, 5-6 (1979). In particular, the Supreme Court concluded in *Taft* that the cash bond at issue in that case substantially complied with R.C. 3519.09 because the appellant deposited $100 in cash along with a "bond form" in which the appellant "obligate[d] him to pay 'the costs incurred' by him if he loses." *Id.* In other words, the Supreme Court contemplates a deposit of cash along with an additional promise on the part of the applicant, obligating him to pay *all* the costs of the appeal if the appeal is rejected— that is, a cash bond, not a deposit of cash— for an appellant to substantially comply with a statutory-bond requirement. Indeed, a "bond" is generally defined as "[a]n obligation; a promise." *Black's Law Dictionary* 211 (10th Ed.2014). It is further defined as "[a] *written* promise to pay money or do some act if certain circumstances occur" or "a promise that is defeasible upon a condition subsequent; esp[ecially], an instrument under seal by which (1) a public officer undertakes to pay a sum of money if he or she does not faithfully discharge the responsibilities of office, or (2) a surety undertakes the responsibility to pay if the public officer so fails." (Emphasis added.) *Id.*

{¶13} Here, we cannot say that Elfie filed a cash bond—that is, a deposit of cash *plus* a promise to pay all the costs of the appeal if its challenge is not sustained. That is, other than depositing $500 cash with the Auglaize County Clerk of Courts, Elfie did not submit an assurance to the court asserting a promise to pay all costs incurred with its administrative appeal if its appeal is rejected. *See In re Sugar Run Single Cty. Ditch No. 40*, 5th Dist. Delaware No. 84-CA-14, 1984 WL 7955, *1 (Oct. 30, 1984) ("Appellant's tendering of the $500.00 in check form did not comport with the strict requirements of the statute."). *See also In re Contest of Special Election in Village of N. Baltimore*, 136 Ohio St. 279, 282 (1940) (concluding that "the deposit of the cash under [the] circumstances [presented] was in no sense a compliance with this statute"). Although a document (assuming that the document could be *construed* as a promise to pay all costs) was filed with the clerk of courts indicating that "a cash bond in the amount of $500.00" was "deposited with the Clerk of Courts" "to pay all costs of appeal" if Elfie's appeal is rejected, the document does not bear a signature on behalf of Elfie. *See Hitt* at 175-176. Further, (assuming such signature is proper) any attestation to the document by Elfie's attorney or law firm is equivocal. Accordingly, based on the deficiencies with the document, we are constrained from construing it as a bonding instrument. Thus, because we cannot construe the document accompanying Elfie's $500 deposit as a promise to pay all costs of the appeal if its appeal is rejected, we cannot reach

the conclusion that Elfie's deposit constitutes a cash bond, which could substantially comply with the bond requirement of R.C. 6131.26. Therefore, based on the specific facts and circumstances of this case, we conclude that Elfie did not perfect its appeal under R.C. 6131.25 and the trial court was without jurisdiction to consider its administrative appeal.

{¶14} For these reasons, we conclude that the trial court did not err by dismissing Elfie's administrative appeal after concluding that it lacked subject matter jurisdiction to address the merits of the appeal. *See Hulbert v. Buehrer*, 10th Dist. Franklin No. 16AP-474, 2017-Ohio-844, ¶ 12.

{¶15} Accordingly, Elfie's assignment of error is overruled.

{¶16} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

***Judgment Affirmed***

**SHAW, P.J. and WILLAMOWSKI, J., concur.**

**/jlr**