**[Cite as *Johnson v. Danbury Twp.*, 2021-Ohio-755.]**

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
OTTAWA COUNTY

| | |
|---|---|
| Gregory D. Johnson | Court of Appeals No. OT-20-008 |
| Appellant | Trial Court No. 2019-CV-F 491 |
| v. | |
| Danbury Township, et al. | **DECISION AND JUDGMENT** |
| Appellees | Decided: March 12, 2021 |

* * * * *

Gregory D. Johnson, pro se.

James J. VanEerten, Ottawa County Prosecuting Attorney, and
Blake W. Skilliter, Assistant Prosecuting Attorney, for appellees
Danbury Township BZA, et al.

Frank H. Scialdone and David M. Smith, for appellees Ottawa
County Health Department, et al.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} Pro se appellant, Gregory D. Johnson, appeals the April 3, 2020 judgment of

the Ottawa County Court of Common Pleas dismissing his appeal of claims relating to

the appellees' lack of ordinances, rules or regulations regarding the keeping of fowl in a residential district. Because we agree that the lower court lacked subject-matter jurisdiction to hear the appeal, we affirm.

{¶ 2} The relevant facts of this case are as follows. Appellant resides in Marblehead, Ottawa County, Ohio. Appellant had an ongoing dispute with some neighbors regarding the keeping of chickens and roosters on their properties. On November 15, 2019, appellant filed a nuisance report with the Danbury Zoning Commission.

{¶ 3} On November 20, 2019, the administrator sent a "Complaint Follow-up" letter to appellant detailing her findings and conclusions. The administrator noted that appellant's concerns were supported by neighbors. She then stated:

> [T]here is no statute either locally or statewide that I can cite any of these property owners on should the fowl roam onto neighboring properties other than their own. All I can do, is send a letter to these property owners asking them to be more cognizant of keeping the fowl on their own properties. Copies of the letter sent are enclosed.

> Enclosed you will also find a complaint form that can be submitted to the Ottawa County Health District regarding your sanitation concerns with fowl droppings. As far as your concerns about these animals causing damage to your property, the only recourse I am aware of that would be available is to file some sort of claim or complaint against the neighbor(s)

2.

in Civil or Municipal Court. Speaking with an attorney would provide you the best guidance. An alternative may be to request mediation. Information about this is also enclosed.

{¶ 4} The above-referenced letters, captioned "1st Warning" informed the owners of concerns that had been raised about the fowl kept on their property. The letter stated that "[f]ailure to contain the fowl on your property could be viewed as a nuisance by neighbors" and requested that the neighbors make "a good faith attempt to be neighborly and address the concerns."

{¶ 5} On December 20, 2019, appellant commenced this action as an "administrative appeal" from the November 20, 2019 letter. Appellant filed supplemental appeals on January 17 and February 3, 2020. Appellant claimed that various local administrative agencies were negligent in failing to instate and enforce regulations relating to the keeping of fowl. He requested that the court award him $18 million for property damage, psychological distress, and punitive damages.

{¶ 6} On March 11, 2020, appellees Danbury Township BZA, Ottawa County Commissioners, Ottawa County Department of Building Inspections, and Danbury Police Department filed a motion to dismiss pursuant to Civ.R. 12(B)(1) and (6). Appellees argued that the trial court lacked subject-matter jurisdiction to hear the appeal because it was not an appeal from a quasi-judicial decision of an administrative agency. Appellees argued that in issuing the letter, the administrator did not use discretion or independent judgment. She simply indicated that the county had no rules or regulations regarding the

3.

keeping of fowl and suggested various avenues for possible relief. Appellees further argued under Civ.R. 12(B)(6), that there was no justiciable controversy in that there was no recourse for a rule or statute that appellees had failed to enact.

{¶ 7} Similarly, on March 12, 2020, appellees Ottawa County Health Department and related parties filed a motion to dismiss under Civ.R. 12(B)(1) and (6) arguing that appellees never issued an administrative order relating to appellant's claims and that appellant failed to set forth any claims against appellees.

{¶ 8} On April 3, 2020, the court granted appellees' motions to dismiss finding that the BZA administrator's letter was not a final order rendered in a quasi-judicial proceeding and thus, it was not a final and appealable order as contemplated under R.C. Chapter 2506. The court further found that even if the matter could be considered a quasi-judicial proceeding, the only proper party would be the BZA.

{¶ 9} This appeal followed with appellant raising the following assignment of error:

> The error lies in the narrow interpretation of ORC 2506 as applying only to quasi-judicial proceedings and in the interpretation of what constitutes a quasi-judicial proceeding. An additional error lies in the narrow determination that only the political or governmental division and its agent directly responsible for the final decision in a complaint can be included as Appellee in a case.

4.

**{¶ 10}** We first note that a motion to dismiss an administrative appeal for lack of subject-matter jurisdiction involves a question of law, which this court reviews de novo. *In re Appeal in the Cty. Ditch Known as Spallinger Ditch*, 2020-Ohio-2671, 154 N.E.3d 321, ¶ 6 (3d Dist.), citing *Courtyard Lounge v. Bur. of Environmental Health*, 190 Ohio App.3d 25, 2010-Ohio-4442, 940 N.E.2d 626, ¶ 5 (10th Dist.).

**{¶ 11}** R.C. 2506.01 provides, in part:

(A) * * * every final order, adjudication, or decision of any officer, tribunal, authority, board, bureau, commission, department, or other division of any political subdivision of the state may be reviewed by the court of common pleas of the county in which the principal office of the political subdivision is located as provided in Chapter 2505. of the Revised Code.

* * *

(C) As used in this chapter, "final order, adjudication, or decision" means an order, adjudication, or decision that determines rights, duties, privileges, benefits, or legal relationships of a person, * * * .

**{¶ 12}** Interpreting R.C. 2506.01, Ohio courts have agreed that the trial court has authority to hear an appeal of an administrative action only if the action was quasi-judicial. *Thomas v. Beavercreek*, 105 Ohio App.3d 350, 354, 663 N.E.2d 1333 (2d Dist.1995). "To be considered a quasi-judicial proceeding, the proceeding must resemble a court proceeding in that an exercise of discretion is employed in adjudicating the rights

5.

and duties of parties with conflicting interests." *Id.*, citing *Talbut v. Perrysburg*, 72 Ohio App.3d 475, 478, 594 N.E.2d 1046 (6th Dist.1991). "Moreover, the Ohio Supreme Court has previously determined that 'proceedings of administrative officers and agencies are not quasi-judicial where there is no requirement for notice, hearing and the opportunity for the introduction of evidence.'" *Id.*, quoting *State ex rel. McArthur v. DeSouza*, 65 Ohio St.3d 25, 27, 599 N.E.2d 268 (1992).

{¶ 13} Reviewing the November 20, 2019 letter it is clear that the BZA administrator did not exercise discretion by explaining to appellant that the relevant local and state laws do not provide how and whether fowl must be contained on property zoned as rural residential. Further, the letter in no way triggered the requirement for notice and a hearing. Thus, we agree with the lower court that there was no quasi-judicial proceeding from which to appeal. Accordingly, the trial court did not err in granting appellees' motions to dismiss. Appellant's assignment of error is not well-taken.

{¶ 14} On consideration whereof, we find that the April 3, 2020 judgment of the Ottawa County Court of Common Pleas is affirmed. Pursuant to App.R. 24, appellant is ordered to pay the costs of this appeal.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.       _____
                                                           JUDGE

Christine E. Mayle, J.

Gene A. Zmuda, P.J.        _____
CONCUR.                                                      JUDGE

_____
                                                     JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.