[Cite as *Myrmidon Farms, L.L.C. v. Delaware Cty. Bd. of Commrs.*, 2025-Ohio-1711.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| MYRMIDON FARMS, LLC, et al., | : | JUDGES: |
| | : | Hon. Craig R. Baldwin, P.J. |
| Plaintiff - Appellants | : | Hon. Robert G. Montgomery, J. |
| | : | Hon. Kevin W. Popham, J. |
| -vs- | : | |
| | : | |
| BOARD OF COMMISSIONERS | : | |
| OF DELAWARE COUNTY, OHIO, | : | Case No. 24 CAE 08 0054 |
| | : | |
| Defendant - Appellee | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Delaware County
Court of Common Pleas, Case No.
23 CVF 08 0631

JUDGMENT:      Affirmed

DATE OF JUDGMENT:      May 8, 2025

APPEARANCES:

For Plaintiff-Appellant             For Defendant-Appellee

TROY A. CALLICOAT             ARIC I. HOCHSTETTLER
G. ELI EARICH             Delaware County Board of
BARRETT, EASTERDAY,               Commissioners
  CUNNINGHAM & ESELGROTH, LLP      91 N. Sandusky St., First Floor
7259 Sawmill Road             P.O. BOX 8006
Dublin, OH 43016             Delaware, OH 43015

*Montgomery, J.*

{¶1}  Myrmidon Farms, LLC, KAB Farms LLC, and John A. Rodman and Susan A. Rodman ("Appellants") appeal the decision of the Delaware County Court of Common Pleas dismissing an administrative appeal under Civ. R. 12(B)(1) for lack of subject matter jurisdiction.  For the reasons below, we AFFIRM the trial court.

### STATEMENT OF THE FACTS AND THE CASE

{¶2}  On December 8, 2016, Mark and LaDonna James and others filed a single-county ditch petition ("Petition") for improvements within the Norris Run Watershed in Delaware County, Ohio.  On May 18, 2017, the Delaware County Commissioners ("Commissioners") conducted the first hearing on the Petition and voted in favor of proceeding with plans for the proposed improvements.  The matter languished for several years.  On August 7, 2023, the final hearing on the Petition occurred and the Commissioners adopted a resolution affirming their prior resolution in favor of the Petition.

{¶3}  Twenty-four days later, on August 31, 2023, Appellants filed an administrative appeal in the Delaware County Court of Common Pleas.  Appellants did not file an appeal bond with surety as required by the statute in effect at the time of the original petition in 2016.  On May 31, 2024, the Commissioners moved to dismiss the administrative appeal under Civ. R. 12(B)(1) for lack of subject matter jurisdiction, arguing that Appellants failed to "perfect" the appeal as required by the statute.

{¶4}  On March 24, 2021, pursuant to H.B. 340, Revised Code Chapter 6131 - governing single-county ditch improvements - was revised and amended.  The amendments were thus effective after the filing of the original petition but before the August 7, 2023, resolution from which Appellants appeal.  Specific to this appeal, the pre-

amendment version of R.C. 6131.25 required an affected person to file an appeal of a ditch petition order within **twenty-one days** of the date of the order. Under the amended and current version of R.C. 6131.25, a person must file an appeal within **thirty days**. *Id.* Compare former R.C. 6131.25 (effective Apr. 9, 1981-Mar.23, 2021) with current R.C. 6131.25 (effective Mar. 24, 2021). Also, to perfect an appeal as provided in R.C. 6131.25, the pre-amendment version of R.C. 6131.26 provided that the owner of land "shall file an appeal *bond, with surety* to be approved by the clerk of the court of common pleas", to pay all costs on appeal if the decision or order appealed from is sustained on a hearing or trial. However, the post-amendment version eliminated the bond requirement, rendering an appeal bond with surety unnecessary to perfect an appeal.[1]

**{¶5}** After briefing the issue, on May 31, 2024, the trial court issued its Decision and Judgment Entry granting the Commissioners' Motion to Dismiss and finding that the pre-amendment version of the relevant statutes applied to the instant appeal. The trial court held that "nothing in the bill amending R.C. Chapter 6131 H.B.340 indicates that the amendments were intended to be retroactive. * * * The inquiry ends there. Appellants failed to comply with the applicable versions of R.C. 6131.25(A) and 6131.26, and this appeal must be dismissed for lack of jurisdiction". In essence, because the Petition initiating the case was filed on December 8, 2016, and predated the statutory amendments, and the amendments did not apply retroactively, the trial court lacked subject matter jurisdiction. The trial court noted that Appellants knew there was a

---

[1] Under the pre-amendment version of R.C. 6131.26, [t]he amount of the appeal bond shall be not less than five hundred dollars, plus the sum of two dollars for each parcel of land in excess of two hundred parcels averred in the petition to be benefited. *Clevenger v. Bd. of Cty. Commissioners*, 1995 WL 347993, at *1 (3d Dist.).

possibility that the previous version of R.C. Chapter 6131 would apply to the case yet failed to comply with its prerequisites when filing their appeal. Appellants timely filed the present appeal.

## SOLE ASSIGNMENT OF ERROR

{¶6} "I. THE TRIAL COURT ERRED BY HOLDING THE PRIOR VERSION OF R.C. 6131.25 AND R.C. 6131.26 APPLIED TO APPELLANTS' ADMINISTRATIVE APPEAL."

## STANDARD OF REVIEW

{¶7} A motion to dismiss an administrative appeal pursuant to Civ. R. 12(B)(1) for lack of subject-matter jurisdiction involves purely a question of law, which this court reviews de novo. *Courtyard Lounge v. Bur. of Environmental Health*, 2010-Ohio-4442, ¶ 5 (10th Dist.), citing *Morris v. Ohio Real Estate Appraiser Bd.*, 2006-Ohio-6743, ¶ 5 (10th Dist.); *Cuyahoga Cty. Bd. of Commrs. v. Daroczy*, 2008-Ohio-5491, ¶ 4 (8th Dist.). "De novo review requires us to conduct an independent review of the record without deference to the trial court's decision." *Matrix Technologies, Inc. v. Kuss Corp.*, 2008-Ohio-1301, ¶ 11 (6th Dist.), citing *Brown v. Cty. Commrs. of Scioto Cty.*, 87 Ohio App.3d 704, 711, 622 N.E.2d 1153 (4th Dist.1993).

{¶8} "Subject-matter jurisdiction is the statutory or constitutional power of a court to hear and decide the merits of a particular class of cases." *Karvo Cos., Inc. v. Ohio Dept. of Trans.*, 2019-Ohio-4556, ¶ 7 (9th Dist.), citing *Groveport Madison Loc. Schools Bd. of Edn. v. Franklin Cty. Bd. of Revision*, 2013-Ohio-4627, ¶ 25 (other citations omitted). "The Ohio Constitution provides a common pleas court with the authority to review proceedings of administrative officers and agencies as set forth in the law." *Abt v. Ohio Expositions Comm.*, 110 Ohio App.3d 696, 699, 675 N.E.2d 43 (10th Dist.1996),

quoting Article IV, Section 4(B), Ohio Constitution. Relevant here, R.C. Chapter 6131 governs a common pleas court's jurisdiction to review an administrative appeal of a decision by a board of county commissioners authorizing single county ditch improvements. See, *Clevenger*, *1; *See also Karvo Cos., Inc.* at ¶ 7.

**ANALYSIS**

**{¶9}** As stated, the pre-amendment version of R.C. 6131.25 provided, "[a]ny owner may appeal to the court of common pleas within *twenty-one days* of the date that any order was issued by the board of county commissioners authorizing ditch improvements." And, when an affected owner elected to appeal such an order, R.C. 6131.26 mandated additional actions to "perfect an appeal". See, R.C. 6131.26; *Clevenger* at *1; *Merillat v. Fulton Cty. Bd. of Commrs.*, 73 Ohio App.3d 459, 597 N.E.2d 1124 (6th Dist. 1991) (stating that R.C. 6131.26 sets forth specific mandatory steps which must be taken to perfect the appeal). One such mandatory step includes filing an appeal bond with surety.

**{¶10}** The Ohio Supreme Court recognizes that failure to strictly adhere to the statutory requirements to perfect an administrative appeal will result in lack of subject matter jurisdiction before the court of common pleas. *Pryor v. Dir., Dep't of Job & Fam. Servs.*, 2016-Ohio-2907, ¶ 12, citing *Zier v. Bureau of Unemp. Comp.*, 151 Ohio St.123 (1949). Compliance with the specific and mandatory requirements governing the filing of a notice of appeal "is essential to invoke jurisdiction of the Court of Common Pleas". *Id.* at paragraph two of the syllabus; see also, *Holmes v. Union Gospel Press*, 64 Ohio St.2d 187, 188 (1980) (holding that when a right of appeal is conferred by statute, "strict adherence to the statutory conditions is essential for the enjoyment of the right to

appeal".); *Clevenger,* at \*1-2 (finding appellants failed to perfect an appeal because they did not file an appeal bond with surety). "When a statute confers a right to appeal, the appeal can be perfected only in the mode the statute prescribes." *Pryor,* ¶ 12; *Zier,* at syll. ¶ 1.

**{¶11}** For example, in *Clevenger,* the Court reiterated that "[t]he Ohio Supreme Court has held in other cases involving issues relating to ditches that the posting of a bond within the time limit is required for jurisdiction to vest in the appellate court" (in this case, the court of common pleas). *Id.* at \*2 (emphasis added), citing *Allyn v. Depew*, 28 Ohio St. 619 (1876); *Burke v. Jackson*, 22 Ohio St. 268 (1871); *In re Spallinger Ditch*, 2020-Ohio-2671, ¶ 11 (3d Dist.) (finding that the cash deposit submitted by appellant did not comply with the statute and stating, "[i]n general, the statutory conditions to invoke the court of common pleas' jurisdiction to hear an appeal under R.C. 6131.25 must be strictly followed."); *See, Clevenger*, at \*1.

**{¶12}** Similarly, in *Sugar Run*, this Court dismissed an appeal for lack of subject matter jurisdiction based upon the appellant's failure to properly file its appeal bond. *In re Sugar Run Single County Ditch No. 40*, Delaware App. No. 84-CA-14 (Oct. 30, 1984), unreported. In *Sugar Run*, appellants deposited a "check" in the amount of $500 with the clerk at the time the appeal was filed. This Court affirmed the common pleas court's dismissal, finding that the appeal had not been properly perfected by filing a "cash" bond rather than a bond with surety, and that compliance with the provisions of R.C. 6131.26 was jurisdictional. *Id.* The Fifth District stated:

> We have consistently held that where a statute confers a right of appeal, as
> is the instant case, strict adherence to the statutory conditions is essential

for the enjoyment of the right to appeal.  * * * Appellant's tendering of the $500.00 in check form did not comport with the strict requirements of the statute.

*Id.* at *2.

**{¶13}** In accordance with the above, if the pre-amendment version applies, Appellants indisputably failed to perfect an appeal, and the trial court lacked subject matter jurisdiction.  However, as noted, the 2021 amendments to Chapter 6131 changed the procedures for filing an appeal to the court of common pleas. Because the amended version of R.C. 6131.25 allows an appeal to be filed within 30 days instead of 21 days, and there is no longer a requirement to file an "appeal bond with surety" to perfect an appeal, Appellants would meet the statutory requirements.

**{¶14}**  Appellants claim that because they did not file the appeal until after R. C. 6131.25 was revised, there is nothing to which R.C. 6121.25 can retroactively apply; claiming that the clear and unambiguous language in the current version of R. C. 6131.25 is that the appeal of *any order* issued under R.C. Chapter 6131 must be filed within thirty days.  Thus, because the appeal was filed on August 31, 2023, from an order by the board dated August 7, 2023, the post-amendment version applies and there is no need to apply the "retroactive" test.  In other words, Appellants argue that an appeal from "any order" by the board is a separate and distinct proceeding without regard to when the proceeding(s) began.  We disagree.

**{¶15}**  It seems elementary that when a proceeding is instituted under a particular statute, the provisions of that statute govern throughout the proceeding unless an amendment expressly states that it applies to pending actions or words of similar import.

*See, Hellwarth v. Evans*, Nos. 387-88, 1926 WL 2389 (3rd Dist.) (holding that, "[t]he filing of the application for road improvements constituted starting a proceeding which became a 'pending' proceeding and the act in effect at the start applied."); *see also LaSalle*, 2002-Ohio-4009, ¶ 15 (absent express retroactive application, the statutory law *in effect at the time of the filing of an application* to seal a record was controlling). Indeed, it is well-settled that pursuant to R.C. 1.48, a statute is presumed to apply prospectively only unless the statutory language *expressly declares* it to be retroactive. See R.C. 1.48. Additionally, Section 28, Article II of the Ohio Constitution, prohibits the General Assembly from passing retroactive laws.

**{¶16}** Applying these two provisions, the Supreme Court of Ohio has established a two-part test to determine whether a statute may be applied retroactively. *Hyle v. Porter,* 2008-0hio-542, ¶ 8-10; *State v. Gregoire*, 2020-Ohio-415, ¶ 9 (12th Dist.), citing *State v. Consilio*, 2007-Ohio-4163, ¶ 10. The two-part test requires the court to ask the following: (1) has the General Assembly expressly made the statute retroactive; (2) if so, is the statutory restriction substantive or remedial in nature. *Hyle*, ¶ 8-10. "The first part of the test determines whether the General Assembly 'expressly made [the statute] retroactive', as required by R.C. 1.48; the second part determines whether it was empowered to do so." *Id.* A failure to satisfy the first condition ends the analysis. *Id.*; *LaSalle*, ¶ 15 (holding that because there was no express language that the statute is to be applied retrospectively, the *statutory law in effect at the time of the filing of an application* to seal a record was controlling).

**{¶17}** Thus, a court must determine as a threshold matter whether the General Assembly expressly intended the statute to apply retroactively. *State v. Hubbard*, 2020-

Ohio-856, ¶ 22 (12th Dist.). If it did not, the statute may not be applied retroactively, period. *Id.* If express language exists, a court must move to the second step of the analysis and, "determine whether the statute is remedial, in which case retroactive application is permitted, or substantive, in which case retroactive application is forbidden". *State v. White*, 2012-Ohio-2583, ¶ 27.[2]

**{¶18}** Here, the General Assembly did not expressly indicate that the amendments apply retroactively to pending actions. As found by the trial court, nothing in the language of the statute or the bill amending the statute allows for retroactive application of the provisions in question. Therefore, we conclude the pre-amendment version of R.C. 6131.25 applies to the instant appeal. Accordingly, because the Petition initiating the proceeding was filed in 2016, and action taken was taken on the Petition as early as 2017, the instant matter was "pending" at the time of the amendments. *Wright v. Morris*, 111 F.3d 414 (6th Cir. 1997) (holding that administrative exhaustion requirement of Prison Litigation Reform Act (PLRA) did not apply to appeals already pending on date of PLRA's enactment as statutory language is explicitly prospective and Congress did not intend retroactive effect).; *State ex rel. Prinkey v. Emerine's Towing, Inc.,* 2024-Ohio-1137, *aff'd,* 2024-Ohio-5713 (holding that amendments to the statute governing permanent total disability (PTD) applied retroactively to claimant's second

---

[2] A statute is substantive if it impairs or takes away vested rights, affects an accrued substantive right, imposes new or additional burdens, duties, obligations, or liabilities as to a past transaction, or creates a new right. *State v. Williams*, 2011-Ohio-3374, ¶ 9, quoting *Pratte v. Stewart*, 2010-Ohio-1860, ¶ 37. "Remedial laws, however, are those affecting only the remedy provided, and include laws that merely substitute a new or more appropriate remedy for the enforcement of an existing right." *State ex rel. Prinkey v. Emerine's Towing, Inc.,* 2024-Ohio-1137, ¶ 8, *aff'd,* 2024-Ohio-5713, ¶ 8.

application for PTD; the legislature's clear intent for retroactive application *was expressed in the enacting language* which stated that the amendments applied to claims "pending on or arising after" the amendment's effective date, and *worker's claim was pending on that date*).  See *Penko v. City of Eastlake*, 1998 WL 1145267, at *2 (11th Dist.) (interpreting an amendment to R.C. 2505.02 that expressly stated, "[t]his section applies to and governs any action, including an appeal, that is *pending* in any court *on* the effective date of this amendment and all claims filed or actions commenced *on* or after the effective date of this amendment*,* notwithstanding any provision of any prior statute or rule of law of this state).

{¶19} The case law is clear; when the General Assembly wishes a statutory amendment to apply to "pending" actions, it will clearly state such retroactive application.  Conversely, where the statutory language does not expressly allow an amendment to apply to "pending" actions, the law in effect at the time of the initiation or proceedings must apply.  Appellants' proposition that the appeal of any order by the board is a separate and distinct proceeding, is less than persuasive.  The statutory appeal process set forth in R.C. 6131.25 is specific and part of a single proceeding starting at the time the Petition is filed.  The appeal of an order after the final hearing is an attempt to terminate the proceeding, not a new proceeding in and of itself.  The Commissioners and other county officials took various actions pursuant to R.C. Chapter 6131 from the date of filing through the date of the commissioners' order on August 7, 2023.

{¶20} Accordingly, because the action was pending at the time of the relevant amendments in 2021, and such amendments do not apply retroactively to "pending" actions, the analysis ends.  The trial court properly dismissed Appellants' appeal for lack

of subject matter jurisdiction under Civ. R. 12(B)(1).  Appellants failed to file the appeal within the requisite 21 days and failed to file an appeal bond with surety.  Thus, Appellants' sole assignment of error is overruled.

## CONCLUSION

{¶21}  The trial court properly dismissed Appellants' administrative appeal due to lack of subject matter jurisdiction.  Therefore, we overrule Appellants' sole of assignment of error and the judgment of the Delaware County Court of Common Pleas is affirmed.

By: Montgomery, J.

Baldwin, P.J. and

Popham, J. concur.